UNITED STATES, Appellee,

v.

Specialist Wendell McCLINE, Jr., 487–78–7986, United States Army, Appellant.

ACMR 8900453.

U.S. Army Court of Military Review.

22 Feb. 1990.

For Appellant: Captain Brian D. Bailey, J.A.G.C., Captain Paula C. Juba, J.A.G.C. (on brief).

For Appellee: Colonel Alfred F. Arquilla, J.A.G.C., Major Kathryn F. Forrester, J.A.G.C., Major Martin D. Carpenter, J.A.G.C. (on brief).

Before KUCERA, GILLEY and GIUNTINI, Appellate Military Judges.

OPINION OF THE COURT

KUCERA, Senior Judge:

Consistent with his pleas, appellant was found guilty by a military judge sitting as a general court-martial of absence without leave, larceny of mail and false swearing in violation of Articles 86 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 934 (1982). Appellant now asserts that his plea of guilty to the specification of false swearing was improvident because during the providence inquiry he denied having any belief at the time he made the statements that they were untrue, and that his plea to the specification of mail theft was also improvident because he had a right to take the mail he ordered. We hold that the appellant's pleas to both offenses were provident.

The appellant was a battalion mail clerk. He ordered under the name of Robert J. Dean, a former soldier who had since departed from appellant's battalion and was discharged from the service, a diamond and gold nugget men's ring from H & R Sales Inc. A registered mail package addressed to Robert J. Dean, containing the ring, arrived in the mailroom where the appellant worked. Appellant forged Dean's signature on the registered mail receipt card and signed his own name as a witness. Not wanting to be seen carrying the package out of the mailroom, he arranged for a friend to pick up the package from the mailroom and then deliver it to the appellant's room.

Appellant first wore the ring but eventually pawned it and used the proceeds to pay for his car repairs. He did not pay H & R Sales for the ring. After the Criminal Investigation Division (CID) discovered the ring at the pawn shop, appellant admitted to stealing the ring "because he thought he could get away with it."

When initially questioned under oath by CID on 2 June 1988, the appellant denied complicity in the theft. In a subsequent interview on 30 June 1988, the appellant admitted theft of the ring.

The specification of false swearing was based on the following four answers appellant gave to CID's questions propounded to him during the 2 June 1988 interview:

■ Q: While performing duties as the mail clerk, did you receive a registered package for DEAN during the month of Aug 87?

A: I don't recall.

■ Q: Did you take a package that was addressed to DEAN from the mailroom?

A: No.

■ Q: Did you take a package that was addressed to DEAN from any other location?

A: No.

■ Q: Did you ever take a package from the mailroom that was not address [sic] to you that contained a gold nugget gentlemen's ring?

A: No.

During the providence inquiry, appellant acknowledged that he understood all elements of the false swearing offense and that such elements, taken as a whole, correctly described what he did. He admitted that his statement of 2 June 1988 was false but maintained, however, that while some of his answers were false, some were not.

We have reviewed the record of the providence inquiry and specifically find that:

a. In view of appellant's insistence that it was true that he did not recall having received a registered package for Dean during the month of August 1987, appellant's guilty plea to the false swearing cannot encompass the CID's question 1 and appellant's answer thereto.

b. At the government's request, CID's questions 2 and 4 and appellant's answers thereto were deleted from the false swearing specification by the military judge.

c. Appellant's answer to CID's question 3 was untrue, appellant knew it was untrue at the time he made it, and during the providence inquiry, the appellant admitted that his answer was not true and that he knew it was not true when he made it to CID on 2 June 1988.

■ In view of our findings above, the only basis for the false swearing charge to which the appellant providently entered a plea of guilty was his denial of 2 June 1988 to CID's question 3—that he took a package addressed to Dean from any other location. In our view, deleting from the specification other information upon which the false swearing charge was initially based does not affect the providency of appellant's plea. The military judge shouldered his responsibility and established a clear basis for appellant's plea of guilty, albeit to a specification from which some facts were deleted at trial, and some by this court. *See United States v. Care,* 40 C.M.R. 247, 253 (C.M.A.1969). "The gist of the crime of false swearing is that an oath to tell the truth has been knowingly violated. The statement need not be false in its entirety." *United States v. Kennedy,* 12 M.J. 620, 623 (N.M.C.M.R.1981), *pet. denied,* 13 M.J. 199 (C.M.A.1982) (citations omitted). "Once ... a conscious falsehood is sufficiently proved, the element of falsity is complete, regardless of the degree, proportion, or effect of the lie." *Id.* Hence, numerical quantity of falsehoods in a false swearing specification does not affect the maximum possible punishment.

■ As to the second assignment of error, whether or not the appellant would be subject to a prosecution for mail fraud under federal laws has no bearing on the providence of his plea to the charge and specification laid under Article 134, Uniform Code of Military Justice, for theft from the mails. Suffice it to say, he was charged with theft from the mails of a registered package before it was delivered to the addressee, Dean, and his conduct was of a discrediting nature and prejudicial to good order and discipline in the Armed Forces. Even if we were to assume, which we do not, that the appellant's fraudulent scheme and theft from the mails could not be charged under the federal laws cited in appellant's brief, it would have no affect

whatsoever on his otherwise provident plea to a charge of theft from the mails under Article 134.

Except for Specification 2, Charge II, the findings of guilty are affirmed. Only so much of the findings of guilty of Specification 2 of Charge II is affirmed as provides that the appellant,

did, at or near Fort Hood, Texas, a military installation, on or about 2 June 1988, wrongfully and unlawfully make under lawful oath a false statement in substance as follows:

Q: Did you take a package that was addressed to Dean from any other location?

A: No.

which statement he did not then believe to be true.

We have considered the allegation of error personally raised by the appellant and find it to be without merit.

Reassessing the sentence on the basis of the error noted and the entire record, the sentence is affirmed.

Judge GILLEY and Judge GIUTINI concur.