UNITED STATES, Appellee,

v.

Wendell McCLINE, Jr., Specialist, U.S. Army, Appellant.

No. 64,459.

CM 8900453.

U.S. Court of Military Appeals,

Argued Dec. 19, 1990.

Decided May 31, 1991.

For Appellant: *Captain Mark L. Toole (argued); Lieutenant Colonel Russell S. Estey and Captain Brian D. Bailey* (on brief); *Colonel Robert B. Kirby and Captain Paula C. Juba.*

For Appellee: *Captain Karen R. O'Brien (argued); Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Major Martin D. Carpenter* (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge:

On February 15, 1989, appellant was tried by a general court-martial composed of a military judge alone at Fort Hood, Texas. Consistent with his pleas, he was found guilty of absence without leave, larceny of mail, and false swearing, in violation of Articles 86 and 134, Uniform Code of Military Justice, 10 USC §§ 886 and 934, respectively. The military judge sentenced appellant to a bad-conduct discharge, confinement for 25 months, total forfeitures, and reduction to Private E-1. In accordance with a pretrial agreement, the convening authority approved the sentence but suspended for a period of 1 year execution of any confinement in excess of 366 days. On February 22, 1990, the Court of Military Review affirmed with some modification the findings of guilty and the sentence. 30 MJ 541.

This Court granted the following issues for review:

I

WHETHER APPELLANT'S PLEA OF GUILTY TO FALSE SWEARING WAS IMPROVIDENT BECAUSE HE DENIED HAVING ANY BELIEF AT THE TIME HE MADE THE STATEMENTS THAT THEY WERE UNTRUE.

II

WHETHER APPELLANT'S PLEA OF GUILTY TO MAIL THEFT WAS IM-

PROVIDENT BECAUSE HE HAD A RIGHT TO TAKE MAIL CONTAINING AN ITEM HE HAD ORDERED.

We hold that appellant's guilty pleas were provident and affirm. *See United States v. Harrison*, 26 MJ 474 (CMA 1988).

Appellant was charged with, pleaded guilty to, and was found guilty of the following offenses:

SPECIFICATION 1: In that [appellant] did, at Garlstedt, West Germany, an overseas military installation, on or about 7 August 1987, steal certain mail matter to wit: a registered mail package addressed to Mr. Robert J. Dean which said package was then in the ... unit mail room before said package was delivered to Mr. Robert J. Dean.

SPECIFICATION 2: In that [appellant] did, at or near Fort Hood, Texas, a military installation, on or about 2 June 1988, wrongfully and unlawfully make under lawful oath a false statement in substance as follows:

&ast; &ast; &ast; &ast; &ast; &ast;

Q: Did you take a package that was addressed to DEAN from any other location?
A: No.

&ast; &ast; &ast; &ast; &ast; &ast;

which statement he did not then believe to be true.

The Court of Military Review summarized certain facts which were derived from appellant's guilty-plea-inquiry responses and which constituted these offenses. It said:

The appellant was a battalion mail clerk. He ordered under the name of Robert J. Dean, a former soldier who had since departed from appellant's battalion and was discharged from the service, a diamond and gold nugget men's ring from H & R Sales Inc. A registered mail package addressed to Robert J. Dean, containing the ring, arrived in the mailroom where the appellant worked. Appellant forged Dean's signature on the registered mail receipt card and signed his own name as a witness. Not wanting to be seen carrying the package out of the mailroom, he arranged for a friend to pick up the package from the mailroom and then deliver it to the appellant's room.

Appellant first wore the ring but eventually pawned it and used the proceeds to pay for his car repairs. He did not pay H & R Sales for the ring. After the Criminal Investigation Division [sic] (CID) discovered the ring at the pawn shop, appellant admitted to stealing the ring "because he thought he could get away with it."

When initially questioned under oath by CID on 2 June 1988, the appellant denied complicity in the theft. In a subsequent interview on 30 June 1988, the appellant admitted theft of the ring.

The specification of false swearing was based on the following four answers appellant gave to CID's questions propounded to him during the 2 June 1988 interview:

[1.] Q: While performing duties as the mail clerk, did you receive a registered package for DEAN during the month of Aug 87?
A: I don't recall.
[2.] Q: Did you take a package that was addressed to DEAN from the mailroom?
A: No.
[3.] Q: Did you take a package that was addressed to DEAN from any other location?
A: No.
[4.] Q: Did you ever take a package from the mailroom that was not address [sic] to you that contained a gold nugget gentlemen's ring?
A: No.

During the providence inquiry, appellant acknowledged that he understood all elements of the false swearing offense and that such elements, taken as a whole, correctly described what he did. He admitted that his statement of 2 June 1988 was false but maintained, however, that while some of his answers were false, some were not.

We have reviewed the record of the providence inquiry and specifically find that:

a. In view of appellant's insistence that it was true that he did not recall having received a registered package for Dean during the month of August 1987, appellant's guilty plea to the false swearing cannot encompass the CID's question 1 and appellant's answer thereto.

b. At the government's request, CID's questions 2 and 4 and appellant's answers thereto were deleted from the false swearing specification by the military judge.

c. Appellant's answer to CID's question 3 was untrue, appellant knew it was untrue at the time he made it, and during the providence inquiry, the appellant admitted that his answer was not true and that he knew it was not true when he made it to CID on 2 June 1988.

30 MJ at 541-42.

----------

■ Appellant's first contention is that his plea of guilty to false swearing must be set aside because of an inadequate guilty-plea inquiry by the military judge. *See United States v. Epps*, 25 MJ 319, 321 (CMA 1987). In this regard, he asserts that his responses concerning his belief in the falsity of his statements at the time they were made were inconsistent. *See* para. 79b(6), Part IV, Manual for Courts–Martial, United States, 1984. He particularly calls this Court's attention to his statement to the judge: "See, I didn't recall the package at the time when the guy was questioning me about it. This happened like 2 years ago. I didn't recall what he was talking about...."

We note that appellant's assertion of a memory failure at the time the false statement was made occurred early in the providence inquiry. Later on in this same inquiry, he admitted that he knew the CID had the drop on him, and he figured he "might as well 'fess up.'" In addition, he admitted that, when he made the state-ment, he remembered that he "didn't carry the package from the mailroom" himself. Also, he admitted to the judge that he realized that "it was wrong to lie to the CID guys." Finally, he later joined a stipulation of fact that he "did not then believe his statement [of June 2, 1988,] to be true." In view of the progressive nature of appellant's admission of guilt, we find no valid basis to set this plea aside. *See generally United States v. Penister*, 25 MJ 148, 153 (Cox, J., concurring).

Appellant's second contention is that his plea of guilty to stealing mail should be set aside. Art. 134; *see* para. 93, Part IV, Manual, *supra.* He claims that he ordered the ring, was entitled to receive it, and was not barred by postal regulations from receiving the package containing it even though this package was addressed to another soldier. We must reject this argument.

■ Initially, we note that appellant pleaded guilty to this offense at trial and so admitted that his taking of the package addressed to Dean was wrongful. Post-trial speculation concerning any defenses which may have existed under postal regulations shall not be entertained. *See United States v. Harrison, supra*, 26 MJ 474. In addition, we note that appellant was particularly charged with stealing mail from the mailroom. *See generally United States v. Gaudet*, 11 USCMA 672, 29 CMR 488 (1960). He admitted that the package was registered mail; he was not the addressee or the latter's authorized representative; and he arranged for its fraudulent removal from the mailroom. In these circumstances his status as the person who actually ordered the ring under another name was irrelevant. *See United States v. Manausa*, 12 USCMA 37, 30 CMR 37 (1960).

The decision of the United States Army Court of Military Review is affirmed.

Judge COX and Senior Judge EVERETT concur.