UNITED STATES, Appellee,

v.

William L. GAY, Jr., Specialist Four,
U.S. Army, Appellant.

No. 54,695.
CM 447441.

U.S. Court of Military Appeals.

July 27, 1987.

For Appellant: *Captain Lorraine Lee*
(argued); *Colonel Brooks B. LaGrua, Major Eric T. Franzen, Major Dale K. Marvin* (on brief); *Lieutenant Colonel Paul J. Luedtke.*

For Appellee: *Captain Kathy J.M. Peluso* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Lieutenant Colonel Larry D. Williams* (on brief); *Colonel James Kucera, Captain Tarek Sawi, Captain Thomas L. Herrington.*

*Opinion of the Court*

SULLIVAN, Judge:

Pursuant to his pleas, appellant was found guilty by the military judge sitting alone of setting fire to and damaging through neglect a building and its contents; willfully damaging another building by set-

ting off an explosive device; two specifications of housebreaking; and false swearing, in violation of Articles 108, 130, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 908, 930, and 934, respectively. His sentence, imposed on May 9, 1985, included a bad conduct discharge, confinement for 18 months, total forfeitures, and reduction to the lowest enlisted grade. This sentence was approved by the convening authority and affirmed by the Court of Military Review.

We granted review of the following issue:

WHETHER APPELLANT'S PLEAS OF GUILTY TO SPECIFICATION 1 OF ADDITIONAL CHARGE IV (FALSE SWEARING) ARE IMPROVIDENT WHERE APPELLANT MERELY GAVE A NEGATIVE RESPONSE TO A LAW-ENFORCEMENT AGENT DENYING HIS GUILT OF A CRIMINAL OFFENSE.

We hold that appellant's pleas of guilty to the false-swearing offense were provident and affirm.

The providence inquiry and the stipulation of fact show that appellant was questioned by a criminal investigator on December 12, 1984, as well as on January 29 and February 12, 1985. He was questioned concerning his knowledge of two fires which had occurred at different buildings on November 25 and November 28, 1984. In his first statement appellant denied any complicity in either of the offenses. In his second statement, also a sworn statement, on January 29, 1985, appellant admitted that he and another soldier caused the fire of November 28, 1984. Nevertheless, he continued to assert under oath that he had "no knowledge as to who could have set

fire to the Headquarters Company, 5th Battalion, 33d Armor's R & U Shop" three days earlier. Finally, on February 12, 1985, appellant admitted that he had also caused the fire in the R & U Shop and had lied to the criminal investigator in his previous statement. This admission led to appellant's subsequent pleas of guilty and conviction for the false-swearing offense.

The specific question before us is whether appellant may be convicted of false swearing under Article 134 for his simple negative response to a question posed by a criminal investigator. He contends that such a response comes within the so-called "exculpatory no" doctrine recognized in certain federal circuits as precluding prosecution under 18 U.S.C. § 1001.[1] Therefore, he concludes that it also bars his prosecution for the military offense of false swearing. We disagree.

We have recognized a general analogy between the federal false statement statute under 18 U.S.C.§ 1001 and the false official statement offense under Article 107, UCMJ, 10 U.S.C. § 907.[2] *United States v. Aronson*, 8 U.S.C.M.A. 525, 25 C.M.R. 29 (1957); *United States v. Hutchins*, 5 U.S.C.M.A. 422, 18 C.M.R. 46 (1955). We have also noted that the "exculpatory no" doctrine may be applicable to certain Article 107 offenses. *United States v. Davenport*, 9 M.J. 364, 370 (C.M.A.1980). This doctrine basically reflects the limited statutory scope of 18 U.S.C. § 1001 in that it was only intended to protect against subversion or frustration of administrative programs of the Government. *United States v. Medina De Perez*, 799 F. 2d 540 (9th Cir.1986); United States v. Tabor, 788 F. 2d 714 (11th Cir.1986).

1. 18 U.S.C. § 1001 states:
   Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or

entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

2. Article 107 provides:
   Any person subject to this chapter who, with intent to deceive, signs any false record, return, regulation, order, or other official document, knowing it to be false, or makes any other false official statement knowing it to be false, shall be punished as a court-martial may direct.

■ The essential element of any false-swearing charge, however, is a violation of the oath. *See* Part IV, para. 79c (1), Manual for Courts-Martial, United States, 1984. The solemnity or sanctity of this oath, not the efficient functioning of administrative programs, is its paramount concern. *See generally United States v. Claypool,* 10 U.S.C.M.A. 302, 27 C.M.R. 376 (1959). We expressly recognized the importance of this distinction in *United States v. Whitaker,* 13 U.S.C.M.A. 341, 345, 32 C.M.R. 341, 345 (1962):

> Nonetheless, it is to be borne in mind that the gravamen of the offense with which we are here concerned lies not so much in falsity alone as in the disregard and violation of a solemn oath. Were we concerned simply with a false answer where the contravention of an oath was not charged, different considerations would be involved. *See United States v. Aronson,* 8 USCMA 525, 25 CMR 29, and allied cases. *See also United States v. Philippe,* 173 F. Supp 582 (SD NY) (1959); and compare Article 107, Uniform Code of Military Justice, 10 USC § 907, with section 1001 of Title 18, United States Code. Here, however, being under no duty whatever to speak at all, accused chose to do so. Thereby, he contravened his sworn attestation of truthfulness, and laid himself open to the instant charge. The desirability, as a policy matter, of prosecuting such offenses is the concern of other authority and beyond our province. While we are of the mind that those in the position to do so should consider carefully whether to try such a case, it is clear, in view of prior holdings in this area, that the question raised in the present instance is not an open one in

this Court. There is no legal impediment to preserving the sanctity of an oath by an affirmance of the instant conviction. Accordingly, we hold that the "exculpatory no" doctrine does not apply to a false-swearing offense under Article 134.

■ Appellant also suggests that the practice of securing sworn statements during a criminal investigation violates Article 31, UCMJ, 10 U.S.C. § 831, or the Fifth Amendment. *See generally United States v. Tabor, supra* at 717–19; *United States v. Lambert,* 501 F. 2d 943, 946 n. 4 (5th Cir.1974) (en banc). Such a claim in general has been found to be without merit where a suspect has been given proper advice concerning his right against self-incrimination. *United States v. Claypool, supra. See United States v. King,* 613 F.2d 670 (7th Cir.1980); *United States v. Johnson,* 530 F.2d 52 (5th Cir.), *cert. denied,* 429 U.S. 833, 97 S.Ct. 96, 50 L.Ed.2d 97 (1976). In the present case, the record of trial does not expressly show when appellant was a suspect and if he was properly advised of his rights. However, this omission in the record resulted from appellant's decision to plead guilty and his waiver of this defense.[3] Appellant took a false oath. He was not forced to take this false oath. He did so willingly and without force. That is a crime. He has pleaded guilty and, accordingly, we will not disturb the conviction. *See generally United States v. Davenport,* 9 M.J. 364, 366–67 (C.M.A.1980).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.

---

**3.** Waiver of this issue by defense counsel is understandable in light of the sworn statements which are attached as exhibits to the Article 32, UCMJ, 10 U.S.C. § 832, Pretrial Investigation Report. *Cf. United States v. Reed,* 24 M.J. 80, 83 n. 4 (C.M.A.1987). They indicate not only that appellant was a suspect prior to the alleged falsely sworn statement but that he was properly advised of his rights at that time as well. *See generally United States v. Scott,* 24 M.J. 186 (C.M.A.1987).