UNITED STATES, Appellee,

v.

Daniel HARRISON, Specialist Four,
U.S. Army, Appellant.

No. 58,878.
CM 8700470.

U.S. Court of Military Appeals.

Sept. 27, 1988.

For Appellant: *Captain Lida A.S. Savonarola* (argued); *Colonel John T. Edwards, Major Kathleen A. VanderBloom* and *Major (P) Russell S. Estey.*

For Appellee: *Captain Gary L. Hausken* (argued); *Colonel Norman G. Cooper* and *Lieutenant Colonel Gary F. Roberson.*

*Opinion of the Court*

SULLIVAN, Judge:

On March 4, 1987, appellant was tried by a general court-martial composed of a military judge alone at Fort Hood, Texas. In accordance with his pleas, he was found guilty of making false official statements, wrongfully making and uttering bad checks, wrongfully making a false claim, larceny, and forgery, in violation of Articles 107, 123a, 132, 121, and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 923a, 932, 921, and 923, respectively. He was sentenced to a bad-conduct discharge,

2 years' confinement, total forfeitures, and reduction to E-1. The convening authority approved the sentence, and the Court of Military Review affirmed.

This Court granted review of the following issue:

#1

WHETHER APPELLANT'S PLEA OF GUILTY TO THE SPECIFICATION OF CHARGE I (FALSE OFFICIAL STATEMENT) WAS IMPROVIDENT AS HE HAD NO OFFICIAL DUTY TO MAKE THE STATEMENT IN QUESTION AND THE RECIPIENT OF THE STATEMENT HAD NO OFFICIAL DUTY TO MAKE THE INQUIRY WHICH PRODUCED THE STATEMENT.

We hold that appellant's pleas of guilty to this offense were provident.

Appellant pleaded guilty to the charge of making a false official statement to Specialist Four Nuvia Robertson on November 20, 1986. The particular specification states that appellant

did, at Fort Hood, Texas, on or about 20 November 1986, with intent to deceive, make to Specialist Four Nuvia O. Robertson, an official statement, to wit: in response to a question as to whether his commander had written the second paragraph on DA Form 2142, Pay Inquiry, the said Specialist Four Daniel Harrison responded, "yes," and when asked if he was sure, the said Specialist Four Daniel Harrison stated, "I'm sure," or words to that effect, which statements were totally false, and were then known by the said Specialist Four Daniel Harrison to be so false.

A stipulation of fact with respect to this offense, which was admitted at this trial, states:

On 18 November 1986, the accused requested permission from his company commander, Captain Javed P. Shah, to go to the Division Finance Office to find out why his mid-month pay was so low. CPT Shah filled out a DA Form 2142, Pay Inquiry, and wrote the following on the form, "SM needs to know why he is getting paid so low at mid-month." The accused left CPT Shah's office with the form, but before submitting it through his battalion's Personnel Actions Center (PAC), the accused added the following text over CPT Shah's signature block, "I request that this SM receive health and welfare payment due to his bills."

On 20 November 1986, the accused presented the altered pay inquiry form to Specialist Four Nuvia O. Robertson in the battalion PAC. SP4 Robertson noticed that the two written portions appeared to have been written by different persons and she pointed to the second paragraph, pertaining to a health and welfare payment, and specifically asked the accused whether his commander had written that line. The accused quickly responded in the affirmative and SP4 Robertson then asked him if he was sure, and after the accused replied that he was sure she submitted the form to the Division Finance Office and scheduled him for an appointment.

Appellant also discussed his guilt of this offense during the providence inquiry with the judge, as follows:

MJ: Now, did the clerk over there ask you about that statement?

ACC: No, sir. The Finance clerk, sir?

MJ: At Finance.

ACC: No, sir.

MJ: Did you meet a Specialist Robertson over there?

ACC: Well, she's our battalion clerk.

MJ: Your battalion clerk?

ACC: Yes, sir.

MJ: And she asked you about this?

ACC: Yes, sir.

MJ: What was she doing? Was she filling out this form?

ACC: No.

MJ: What was her purpose in asking you that?

ACC: She's the battalion ... she's the finance clerk for the battalion and any paperwork has to go to her and she makes the appointments, the same day or whatever.

MJ: All right, so you went to her to get an appointment over at Finance to get your pay?

ACC: Yes, sir.

MJ: And she asked you if the company commander had made that statement?

ACC: Yes, sir.

MJ: The one about you getting the health and welfare payment?

ACC: Yes, sir.

MJ: *And she was doing that because her job was to get you an appointment so that you could get paid?*

ACC: *Yes, sir.*

MJ: Well, what did you tell her?

ACC: I told her, "Yes," that it was the commander ...

MJ: Did you tell her that the company commander wrote that in there? (Accused nodded.)

MJ: And she said, "Are you sure about that?"

ACC: Yes, sir.

MJ: And you said, "Yes"?

ACC: Yes, sir.

(Emphasis added.)

----------

■ The first basis proffered by the defense for the improvidence of appellant's pleas is that the record shows no official duty on the part of appellant to answer the battalion clerk's question. This argument is without merit for the reasons noted in our recent decision in *United States v. Jackson*, 26 M.J. 377 (C.M.A.1988).

■ Appellant's second contention is that the battalion Personnel Actions Center clerk had no official duty to ask appellant questions about his pay inquiry (DA Form 2142). In particular she was not "authorized in the execution of a particular duty to require or receive the statement...from the accused." Para. 31(c)(2), Part IV, Manual for Courts-Martial, United States, 1984. He asserts that the only duty of this clerk evidenced in the record was to set up appointments for soldiers to go to the Division Finance Office.

This argument we also must reject. Appellant pleaded guilty and formally admitted that he made a false official statement. *See* Art. 107. Furthermore, he expressly stated to the judge that the clerk's questions were related to her job. *See United States v. Cummings*, 3 M.J. 246, 248 (C.M.A.1977). Post-trial speculation on the scope of her duties based on the purported absence of particular regulatory authority cannot be countenanced. *See United States v. Gay*, 24 M.J. 304, 306 (C.M.A. 1987). The guilty pleas stand. *See generally Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.