UNITED STATES, Appellee,

v.

Richard A. SIEVERS, Gunner's Mate (Technician) First Class, U.S. Navy, Appellant.

No. 60,929.

NMCM 87 3049.

U.S. Court of Military Appeals.

Sept. 28, 1989.

For Appellant: *Lieutenant John L. Staley*, JAGC, USNR (argued).

For Appellee: *Lieutenant Sigurd R. Peterson, Jr.*, JAGC, USNR (argued); *Captain Wendell A. Kjos*, JAGC, USN and *Major Laura L. Scudder*, USMC (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

On June 15, 1987, appellant was tried by a military judge sitting alone as a general court-martial at Naval Air Station, Fallon, Nevada. Pursuant to his pleas, he was found guilty of making a false official report, willful damage to property, willful destruction of property, and larceny, in violation of Articles 107, 109, and 121, Uniform Code of Military Justice, 10 USC §§ 907, 909, and 921, respectively. He was sentenced to a bad-conduct discharge, confinement and forfeiture of $450.00 pay per month for 7 months, and reduction to the lowest enlisted grade. The convening authority approved the sentence as adjudged. The Court of Military Review affirmed the findings and sentence in an unpublished opinion dated August 30, 1988.

This Court granted review of the following issue:

WHETHER THE FINDINGS OF GUILTY TO CHARGE II AND THE SPECIFICATION THEREUNDER SHOULD BE SET ASIDE BECAUSE APPELLANT'S FIFTH AMENDMENT RIGHT TO SILENCE PROTECTED HIM FROM IDENTIFYING HIS ACCOMPLICE OR HIMSELF AS SUSPECTS IN A CRIMINAL INVESTIGATION ON A MILITARY POLICE REPORT WHICH HIS MILITARY DUTIES REQUIRED HIM TO EXECUTE.

We hold that the Fifth Amendment gave appellant no license to lie on this "Incident/Complaint Report" (*United States v. Aronson*, 8 USCMA 525, 25 CMR 29 (1957)) and otherwise sustain the findings of guilty based on his guilty pleas. *See United States v. Harrison*, 26 MJ 474 (CMA 1988).

The evidence of record establishes the following facts as summarized by appellate

defense counsel. On November 6, 1986, appellant and Petty Officer Second Class Samuel K. Schoonover broke into the car of Airman Apprentice Jon D. Sherwood and stole a Sony AM/FM cassette car radio, a .22 caliber rifle, and two Pioneer car speakers.

At that time, appellant was assigned to the base security force at Naval Air Station, Fallon, Nevada. On November 10, 1986, while appellant was on duty as a base security officer, Airman Apprentice Sherwood reported this theft from his automobile. Appellant filled out an Incident/Complaint Report based on the information provided to him by the victim. Appellant admitted that, as Watch Commander at the time the victim filed his complaint, he was required to investigate any crime that was reported. The information appellant recorded on the Incident/Complaint Report, OPNAV Form 5527.1, was accurate except for Block 16, which required, *inter alia,* the entry of the names of suspects. Appellant wrote in this block that any suspect was "unknown," despite his obvious personal knowledge that both he and Petty Officer Schoonover were the perpetrators.

At trial, the military judge accepted appellant's guilty pleas to making a false official report (Charge II) as provident.[1] He reasoned that appellant could have named Petty Officer Schoonover as a suspect and thus could have truthfully filled out the Incident/Complaint Report without incriminating himself.

### A

In *Bryson v. United States,* 396 U.S. 64, 90 S.Ct. 355, 24 L.Ed.2d 264 (1969), the Supreme Court stated:

> But after *Dennis* [2] it cannot be thought that as a general principle of our law a citizen has a privilege to answer fraudulently a question that the Government should not have ·asked. Our legal system provides methods for challenging the Government's right to ask questions—*lying is not one of them. A citizen may decline to answer the question, or answer it honestly, but he cannot with impunity knowingly and willfully answer with a falsehood.*

396 U.S. at 72, 90 S.Ct. at 360 (emphasis added; footnote omitted). We agree with the Court of Military Review that this principle is fully applicable to the case at bar. *See United States v. Aronson, supra.*

Here, appellant entered in Block 16 of the Incident/Complaint Report that the name of any suspect was "unknown." He admitted at trial this statement was not true, *i.e.,* he knew Petty Officer Schoonover was a suspect. This is not a case where a servicemember simply failed to make a statement in response to an official duty which either directly or indirectly required him to incriminate himself. *See United States v. Dupree,* 24 MJ 319 (CMA 1987); *United States v. Reed,* 24 MJ 80 (CMA 1987). In other words, appellant did not refuse to enter any information in Block 16 regarding a suspect. His admitted affirmative act of deception is the distinguishing characteristic that removes his falsehood from the realm of constitutional protection. *See United States v. Knox,* 396 U.S. 77, 80, 90 S.Ct. 363, 365, 24 L.Ed.2d 275 (1969); *see also United States v. Wong,* 431 U.S. 174, 97 S.Ct. 1823, 52 L.Ed.2d 231 (1977).

### B

Despite the resolution of the granted issue, we must express our bewilderment concerning the decision of appellant to plead guilty to this offense under Article 107. We have some doubt whether applica-

---

1. Specification: In that Gunner's Mate (Technician) First Class Richard A. Sievers, U.S. Navy, Naval Air Station, Fallon, Nevada, on active duty, did, at Naval Air Station, Fallon, Nevada, on or about 10 November 1986, with intent to deceive, make to Commanding Officer, Naval Air Station, Fallon, Nevada, an official report, to wit: an Incident/Complaint Report, which report was false in that the suspect who was known was stated in the said report to be unknown, and that report was then known by the said GMT1 Sievers to be so false.

2. *Dennis v. United States,* 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966).

ble military regulations impose a duty upon a military policeman to report his personal knowledge concerning this offense on this form. *Cf. United States v. Heyward*, 22 MJ 35, 36 (CMA), *cert. denied*, 479 U.S. 1011, 107 S.Ct. 656, 93 L.Ed.2d 710 (1986). Moreover, whether appellant or his partner could reasonably be considered a "suspect" in this crime when Airman Apprentice Sherwood reported the theft is a perplexing question.[3] Nevertheless, appellant's providence inquiry statements reflect that he considered himself under a duty to report, if not himself, then Schoonover, as a suspect on this form. Post-trial speculation regarding the scope of his regulatory duty to report now "cannot be countenanced." *United States v. Harrison*, 26 MJ at 476; *cf. United States v. Reed, supra* at 81 n.2.

Another potential problem we perceive in this case is applicability of the "exculpatory no" doctrine to appellant's prosecution under Article 107. *See United States v. Davenport*, 9 MJ 364, 369–70 (CMA 1980); *cf. United States v. Gay*, 24 MJ 304 (CMA 1987). Here appellant's false statement was essentially that he knew of no suspect concerning the theft he was investigating. Arguably, this was a statement by appellant not going "beyond a mere denial." *United States v. Davenport*, 9 MJ at 370. However, appellant at trial did not invoke this doctrine; he acknowledged that in his capacity as a police subordinate he tried to "mislead" his commanding officer; and finally he admitted his statement also extended to Petty Officer Schoonover's involvement. *Cf. United States v. Medina De Perez*, 799 F.2d 540, 544–46 and n. 9 (9th Cir.1986). We thus have no occasion to reject his pleas on this basis.

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

### COX, Judge (concurring):

I concur for the reasons stated in Part A of the principal opinion. A police officer has the official duty of filing a truthful report. He cannot be compelled to incriminate himself, and he does not have an official duty to incriminate himself. Thus, had he left the form blank, he would not be guilty of an offense. *See United States v. Heyward*, 22 MJ 35 (CMA), *cert. denied*, 479 U.S. 1011, 107 S.Ct. 656, 93 L.Ed.2d 710 (1986). However, as Judge Sullivan notes, when a police officer sets out affirmatively to obstruct justice by an act of deception, he cannot shield his criminal conduct by invoking the Fifth Amendment.

### EVERETT, Chief Judge (concurring in part and dissenting in part):

On November 6, 1986, appellant and Petty Officer Second Class Samuel Schoonover broke into the car of Airman Apprentice John D. Sherwood and stole various items therefrom. Four days later, appellant was serving with the base security force when Sherwood reported the theft. In the performance of his duties, appellant prepared the Incident/Complaint Report on an official form, OPNAV Form 5527.1. In block 16, which calls for entry of the name of any "suspect," appellant wrote "unknown." For doing so, he has been found guilty of making a false official report, in violation of Article 107 of the Uniform Code, 10 USC § 907.

These facts, however, are inconsistent with appellant's conviction. In view of the privilege against self-incrimination, I am sure that the Navy never intended to require the person preparing the official form to report on his own crimes. Indeed, the drafters of the form undoubtedly never contemplated that, as here, the person who prepared the form would himself be implicated in committing the very crime that was being reported.

The inquiry implicit in block 16 of the form was whether appellant suspected persons other than himself or his accomplices of stealing from the car. When appellant inserted the word "unknown" in response

---

**3.** The Government suggests in its brief that a true answer to this question might be "suspect unknown to complainant."

to this inquiry, he was only representing that he suspected no one other than himself or his accomplices of stealing from Sherwood's car. No representation was being made as to whether Sievers himself or others directly involved with him as principals might have committed the theft.

The situation here is somewhat akin to those in which the "exculpatory no" doctrine has been applied. *See United States v. Davenport*, 9 MJ 364, 369–70 (CMA 1980); *cf. United States v. Gay*, 24 MJ 304 (CMA 1987). Under that doctrine a suspect who simply denies his own guilt to investigators without giving details is not subject to prosecution under Article 107 for making a false official statement. Likewise, appellant's statement—which, under one reading, might be viewed as false—cannot be made the basis for such a prosecution.

As the principal opinion points out, the military judge "reasoned that appellant could have named Petty Officer Schoonover as a suspect and thus have truthfully filled out the Incident/Complaint Report without incriminating himself." 29 MJ at 73(5). Schoonover, however, had joined with appellant in committing the theft; and later appellant was charged with having conspired with him to commit the theft. If Sievers had revealed Schoonover's name as a suspect, this would have led the Government to a potential witness against appellant and so would have incriminated him. Appellant was not required to do this, just as he was not required to identify himself as a suspect.

This case is quite different from that which would have existed if Sievers had known about a crime committed by others, but had failed to report it properly. In that event, he would have been subject to prosecution for making a false official statement or for obstruction of justice.

Because of the inconsistence of the guilty pleas with the facts related during the providence inquiry, the pleas should never have been accepted; and now the findings of guilty should be set aside. Sievers was properly convicted of the other offenses to which he pleaded guilty; and I do not believe that the error here would require a reassessment of his sentence.