**268**

UNITED STATES, Appellee,

v.

**Antonio R. LUNSFORD, Staff Sergeant U.S. Army, Appellant.**

No. 66,618.

CM 9001596.

U.S. Court of Military Appeals.

Argued Dec. 5, 1991.

Decided June 17, 1992.

For Appellant: *Captain Robert L. Carey* (argued); *Colonel Robert B. Kirby* and *Captain Robin N. Swope* (on brief); *Captain Alan M. Boyd* and *Captain Tamela J. Armbruster.*

For Appellee: *Captain Joel J. Berner* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Daniel J. Dell'Orto, Major Joseph C. Swetnam* (on brief).

*Opinion of the Court*

GIERKE, Judge:

A military judge sitting as a special court-martial convicted appellant, contrary to his pleas, of false swearing, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. The adjudged and approved sentence extends to a bad-conduct discharge, confinement for 2 months, and reduction to private E–1. The Court of Military Review affirmed without opinion.

We granted review of the following issue:

WHETHER THE EVIDENCE IS SUFFICIENT AS A MATTER OF LAW TO SUPPORT THE FINDINGS OF GUILTY TO FALSE SWEARING.

Finding the evidence sufficient, we affirm.

This case arose from an investigation into alleged improper activities by the accused and two other drill sergeants with various female soldiers undergoing Advanced Individual Training at Fort Jackson, South Carolina. The one specification in question originally alleged that appellant "did, on or about 23 January 1990 and 5 February 1990, in sworn statements, wrongfully and unlawfully make under lawful oath false statements in substance as follows: That he never had sexual intercourse with Private [A.C.] and that he did not know how to get to Sergeant Timothy Lennear's apartment, which statements he did not then believe to be true." The military judge found appellant guilty, by exceptions and substitutions, only of falsely stating under oath "that he did not know how to get to Sergeant Timothy Lennear's

apartment, which statement he did not then believe to be true."

■ Appellant first asserts that the Government failed to prove that the oath for the statement at issue was administered by a person having the authority to administer oaths. In support of this argument, counsel cites *United States v. Hill,* 31 MJ 543 (NMCMR 1990), which held that a conviction of false swearing could not be sustained where there was no evidence in the record to prove "that the Naval Investigative Service agent who took his statement was authorized to administer oaths."

We hold that there is sufficient evidence of authority to administer oaths in the record of this appellant's trial. The person taking the statement and administering the oath, Second Lieutenant (2LT) Sardinas, testified that she had been "appointed as an Investigating Officer under [Army] Regulation 15–6 ... to conduct an investigation of the circumstances surrounding this case." She then questioned appellant, reduced his statement to writing, and administered the oath to him prior to his signing the statement. The statement concludes with an "Affidavit" section which contains the accused's signature and a clause stating: "Subscribed and sworn to before me, *a person authorized by law to administer oaths,* this 7 day of February, 1990...." (Emphasis added.) 2LT Sardinas' signature appears below as the "Person Administering Oath."

■ One of the elements of the offense of false swearing is "that the oath or equivalent was administered by a person having ... authority to do so." Para. 79b(3), Part IV, Manual for Courts–Martial, United States, 1984. Article 136(b)(4), UCMJ, 10 USC § 936(b)(4), authorizes "[a]ll persons detailed to conduct an investigation" to administer oaths necessary to the performance of their duties. We hold that 2LT Sardinas' uncontroverted testimony was sufficient to establish her authority to administer oaths.

Appellant also asserts that the Government has failed to sustain the burden of proving the falsity of the accused's statement. We disagree.

On direct examination appellant denied knowing where Sergeant Lennear lived or ever having been to his house. This is consistent with his sworn statement. However, Sergeant West testified that, on the night of January 3, 1990, he saw the accused in Lennear's apartment with two female trainees, and one of the female trainees testified that the accused took her and another female trainee to Sergeant Lennear's off-post apartment. The military judge chose to believe the government witnesses and disbelieve appellant. There was sufficient evidence for the military judge to find beyond a reasonable doubt that the accused knew where Sergeant Lennear lived and that appellant's statement to the contrary was false. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Odegard,* 25 MJ 140 (CMA 1987), *cert. denied,* 484 U.S. 1061, 108 S.Ct. 1017, 98 L.Ed.2d 982 (1988); *United States v. Harper,* 22 MJ 157 (CMA 1986).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN, Judges COX and CRAWFORD, and Senior Judge EVERETT concur.

Judge WISS did not participate.