UNITED STATES, Appellee,

v.

Douglas HALLEY, Private First Class, U.S. Army, Appellant.

No. 68,502.

CMR No. 9002528.

U.S. Court of Military Appeals.

Argued Nov. 3, 1993.

Decided March 4, 1994.

For Appellant: *Captain Michael A. Egan* (argued); *Colonel Malcolm H. Squires, Jr., Captain Robert Lane Carey, Captain Robin N. Swope* (on brief); *Colonel Stephen D. Smith.*

For Appellee: *Captain David G. Tobin* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Joseph A. Russelburg, Major Timothy W. Lucas* (on brief); *Captain Gregory T. Baldwin.*

———

*Opinion of the Court*

GIERKE, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of attempted unpremeditated murder, assault on a child under the age of 16 (two specifications), and false swearing, in violation of Articles 80, 128, and 134, Uniform Code of Military Justice, 10 USC §§ 880, 928, and 934, respectively. The approved sentence provided for a dishonorable discharge, confinement for 11 years, total forfeitures, and reduction to Private E–1. The Court of Military Review reversed one of the assault convictions for insufficient evidence, affirmed the remaining findings, and reassessed the sentence, affirming only so much of the sentence as provided for a dishonorable discharge, confinement for 10 years, total forfeitures, and reduction to Private E–1. 34 MJ 1071, 1076 (1992).

We granted review * of the following issue:

WHETHER THE EVIDENCE IS SUFFICIENT AS A MATTER OF LAW TO SUPPORT THE FINDING OF GUILTY TO FALSE SWEARING.

The various charges against appellant all arose from allegations that he abused his infant son. With respect to the charge of false swearing, appellant gave a written

---

* We also granted review of an issue which we decided in *United States v. Green*, 37 MJ 380 (CMA 1993), and of the issue resolved by the Supreme Court in *Weiss v. United States*, --- U.S. ----, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994). *See* 37 MJ 214 (Daily Journal Jan. 27, 1993). Both of these issues were resolved in the Government's favor.

statement to a criminal investigator, Special Agent (SA) Steven Lawhead, claiming that the skull fracture suffered by his son was an accident. The military judge found that this statement was false and convicted appellant of false swearing.

Before this Court appellant contends that the evidence is insufficient to support his conviction as a matter of law because the Government failed to prove that the oath for the written statement was administered by a person having authority to do so. We disagree.

In this case SA Lawhead testified that he was a criminal investigator who investigated the allegations that appellant had abused his child. As part of that investigation SA Lawhead interviewed appellant, reduced appellant's statement to writing (pros. ex. 1), and administered an oath to appellant. The pre-printed form containing appellant's written statement includes an "Affidavit" section containing appellant's signature followed by the entry: "Subscribed and sworn to before me, a person authorized by law to administer oaths, this 4th day of Oct, 1989, at Babenhausen CID/IC office." Below this entry appears the signature of SA Lawhead and the signature block of SA Lawhead. The signature block includes a recitation that SA Lawhead's authority to administer oaths is de-rived from "Art 136(b)(4), UCMJ," 10 USC § 936(b)(4), which gives authority to administer oaths to "[a]ll persons detailed to conduct an investigation."

In *United States v. Lunsford*, 34 MJ 268, 269 (CMA 1992), we held that the evidence of authority to administer oaths was legally sufficient where the person purporting to have administered the oath testified that she had been appointed as an investigating officer and that she administered an oath to the accused prior to his signing the statement; and the "Affidavit" section of the statement contained the accused's signature and an entry stating that the person administering the oath was "a person authorized by law to administer oaths." The facts in appellant's case do not differ in any significant respect from those in *Lunsford*. In neither case was the interrogator's authority to administer oaths challenged at the court-martial. We hold that the evidence in appellant's case is legally sufficient to support his conviction of false swearing.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and WISS concur.