UNITED STATES, Appellee,

v.

Son K. KIM, Staff Sergeant,
U.S. Army, Appellant.

No. 97–0128.
Crim.App. No. 9501562.

U.S. Court of Appeals for
the Armed Forces.

Argued March 5, 1998.

Decided Sept. 29, 1998.

For Appellant: *Major Leslie A. Nepper* (argued); *Colonel John T. Phelps, II, Lieutenant Colonel Michael L. Walters,* and *Captain Mary J. Bradley* (on brief).

For Appellee: *Captain Troy A. Smith* (argued); *Colonel John M. Smith, Lieutenant Colonel Eva M. Novak,* and *Major Lyle D. Jentzer* (on brief); *Colonel Joseph E. Ross* and *Lieutenant Colonel Frederic L. Borch III.*

*Opinion of the Court*

SULLIVAN, Judge:

On July 25 and September 14, 1995, appellant was tried by a military judge sitting alone as a general court-martial at Camp Casey, Republic of Korea. Contrary to his pleas, he was found guilty of conspiracy to violate a ration control regulation,[1] violation of that same lawful general regulation, and making a false statement under oath, in contravention of Articles 81, 92, and 134, Uniform Code of Military Justice, 10 USC §§ 881, 892, and 934, respectively. The judge sentenced appellant to a bad-conduct discharge, confinement and forfeiture of $400.00 pay per month for 8 months, and reduction to the grade of Private E–1. On October 23, 1995, the convening authority approved the sentence. On March 28, 1996, the Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

On January 31, 1997, this Court granted review of the following question of law:

WHETHER THE EVIDENCE WAS LEGALLY INSUFFICIENT TO SUPPORT A CONVICTION FOR THE OFFENSE OF FALSE SWEARING, CHARGE III.

Rejecting appellant's semantical view of the evidence in this case, we hold that such evidence was legally sufficient to support his conviction for false swearing under Article 134. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *see generally United States v. Gay,* 24 MJ 304 (CMA 1987).

Appellant was found guilty of false swearing by making a false statement under oath, in violation of Article 134. *See* para. 79, Part IV, Manual for Courts–Martial, United States (1995 ed.). The specification which he was found guilty of states:

Specification: In that Staff Sergeant Son K. Kim, U.S. Army, on active duty now and at the time of the offense charged, did, at or near Camp Casey, Republic of Korea, on or about 17 March 1995, *in an affidavit,* wrongfully and unlawfully make under lawful oath a false statement in substance as follows: I have never sold any electronic items, which statement he did not then believe to be true.

(Emphasis added.)

Special Agent (SA) Martin Garcia testified for the prosecution to show appellant's guilt of this crime. The record states:

Q. Are you Special Agent Martin Garcia, social security number 459–21–8096, currently assigned to the 21st Military Police Detachment, 6th Region, United States Army Criminal Division Command, stationed at Yongsan Garrison?

A. Yes.

Q. On 17 March 1995, *did you take a statement from Sergeant Kim?*

A. *Yes.*

Q. Did you read him his rights?

A. Yes, I did.

Q. Did he invoke his rights?

A. No, he did not.

Q. *What did he say in that statement?*

A. *He started off by saying that he had never sold any electronic items.* He went on to *say* how he would get a list from his co-workers, as far as like, commissary and Class VI items and he would go to the commissary and purchase these items using the list. *He said* sometimes the list was too long to make things for him to get. He couldn't get them on his own rations, so he would get other soldiers to go with him and they would buy the items and he would give them to the local nationals working with him.

---

1. Para. 18(a)(1), United States Forces Korea Regulation 27–5 (January 24, 1990).

\* \* \*

Q. After Sergeant Kim made his statement, on the 17th, did he take an oath?

A. Yes, he did.

Q. What oath did he take?

A. The way I give the oath is basically out of FM 19–20, which is: "Do you swear or affirm that everything you have stated is the truth and correct to the best of your knowledge?" and I had him raise his right hand and he says "yes"—he said "yes".

Q. Did he sign an affidavit?

A. Yes, he did.

Q. *And was this statement that he swore this oath upon,* was it taken in the course of an investigation?

A. Yes, it was.

Q. And do you have the authority to administer oaths?

A. Yes, I do; under Article 136(b)4 of the UCMJ.

Q. And once again, did the accused make a statement about electronic items?

A. ... [H]e *said* he had never sold any.

\* \* \*

Q. Turning to the 31st of March, *did you take another statement from the accused?*

A. Yes, I did.

Q. Did you read him his rights?

A. Yes, I did.

Q. Did he invoke his rights?

A. No, he did not.

Q. What did he *say* about electronic items in that statement?

A. He *said* he did sell electronic items. He started off by *saying* that he had lied on the other statement or it wasn't true. He basically figured that the other soldiers that he had dealt with were going to keep their word, as far as not saying anything, but he realized that he was being messed up, the way he said, by the other soldiers coming forth, so he was admitting to—yes,

he sold the electronic items, commissary, and Class VI.

(Emphasis added.)

———

Appellant generally contends that the prosecution did not introduce sufficient evidence that he made a false statement under oath on March 17, 1995. He initially asserts that the testimony of SA Garcia, literally construed, shows that he made two statements on that date, an oral statement and then a written statement. He further contends that this same testimony, without clarification or further development, creates a reasonable possibility that his oral statement was not under oath and his written statement did not contain the charged falsity. Therefore, since neither statement was unequivocally shown to be criminal, he asks that his conviction for false swearing be set aside. *See generally United States v. Gay, supra* (falsehood and oath violation required to constitute offense).

▇▇▇ We initially note that this is an appellate court of law (*see* Art. 67(c), UCMJ, 10 USC § 867(c) (1994)), and we are not empowered to make findings of innocence based on evidence in the record of trial (*see* Art. 66, UCMJ, 10 USC § 866 (1994)). Thus, we must reject appellant's invitation to reverse his conviction because "this Court cannot conclude beyond a reasonable doubt that the charged false statement was included in a statement upon which appellant made an oath." Final Brief at 5. Instead, we review the record to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact could have found* the essential elements of the crime *beyond a reasonable doubt.*" *Jackson,* 443 U.S. at 319, 99 S.Ct. 2781 (most emphasis added); *see United States v. Turner,* 25 MJ 324 (CMA 1987). In this case, appellant must convince us that, based on the evidence of record, no reasonable factfinder could find beyond a reasonable doubt that he made a false sworn statement on March 17, 1995. *See United States v. Hart,* 25 MJ 143, 147 (CMA 1987).

■ Turning to appellant's evidentiary-insufficiency claim, we initially note that a rational factfinder need not accept appellant's factual premise that two statements, one oral and one written, were established in the record. There is no direct testimony from SA Garcia that one oral and one written statement were made by appellant on March 17, 1995. Instead, appellant asks that an inference of such a fact be drawn from the agent's testimonial use of the generic word "say" or "said" with respect to appellant's statement on that date. Yet, SA Garcia's testimony also states that he "took" a statement from appellant and that appellant swore an oath "upon" it, words suggesting a written statement only. In such an evidentiary context, we are bound to draw every factual inference in favor of the prosecution. *See United States v. Blocker*, 32 MJ 281, 284 (CMA 1991). Accordingly, appellant's claim can be rejected simply on the basis that a reasonable factfinder could rationally find that a single sworn, written statement was made by appellant on March 17, 1995.

■ Even accepting appellant's assertion that two statements were shown in this case, his legal insufficiency arguments still fail. He first argues that the testimony of SA Garcia does not show that appellant's oral statement, *vis a vis* his later written statement, was under oath as required by Article 134. However, SA Garcia sequentially testified that appellant made a statement to him, including the falsehood; that he took an oral oath on it; and that he signed an affidavit. Moreover, he testified to the exact oath he orally gave appellant after his statement ("*everything* you have stated is the truth and correct to the best of your knowledge"). Thus, a reasonable factfinder could infer from this testimony that appellant took two

separate oaths, an oral oath after his verbal statement and a written one as part of his affidavit. In any event, appellant was charged with making a false sworn statement *in an affidavit*, so the absence of proof of an oath with respect to his oral statement is not material to his conviction.

Appellant's second insufficiency argument also must be rejected. He asserts that the record of trial creates unacceptable doubt whether his written statement on March 17, 1995, actually contained the statement alleged to be false ("I have never sold any electronic items"). He notes that SA Garcia did not particularly testify that appellant's affidavit contained the alleged false statement. He also points to the absence of any of the affidavits in question as evidentiary exhibits in his record of trial. Accordingly, he asks this Court to draw an inference in his favor that the March 17, 1995, affidavit did not contain the falsehood alleged in this case.

■ Again, appellant must be reminded that we are not factfinders and that, in reviewing for legal sufficiency, we must assume that every reasonable inference will be drawn in favor of the prosecution. *See United States v. Blocker, supra.* Here, the logical and chronological progression of SA Garcia's testimony reasonably suggests that appellant's affidavit contained the alleged falsehood. Admittedly, this affidavit was not admitted as evidence in this case. *Cf. United States v. Halley*, 39 MJ 95 (CMA 1994); *United States v. Lunsford*, 34 MJ 268, 269 (CMA 1992). However, this form of proof is not always required to show the content of the affidavit; nor was the direct testimony from the investigating agent who took the affidavit *per se* inadmissible for this purpose.[2] *See generally* Mil.R.Evid.

---

2. Mil.R.Evid. 1002 and 1004, Manual for Courts-Martial, United States (1995 ed.), state:

**Rule 1002. Requirement of an original**

To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules, this Manual, or by Act of Congress.

**Rule 1004. Admissibility of other evidence of contents**

The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if:

(1) *Originals lost or destroyed.* All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith; or

(2) *Original not obtainable.* No original can be obtained by any available judicial process or procedure; or

103(d).[3] In our view, a rational factfinder considering such testimony from SA Garcia could reasonably conclude beyond a reasonable doubt that appellant's affidavit on March 17, 1995, included the falsehood in question.

The decision of the United States Army Court of Criminal Appeals is affirmed.

Judges CRAWFORD, GIERKE, and EFFRON concur.

COX, Chief Judge (concurring in the result):

I agree with the majority that the evidence introduced at trial was legally sufficient to convict, based on the rule that reasonable inferences must be drawn in favor of the prosecution. I write separately, however, to amplify the majority's discussion concerning Mil.R.Evid. 1002 and 1004, Manual for Courts–Martial, United States (1995 ed.), which in this case appears to relax application of these rules.

Mil.R.Evid. 1002 requires that an original document be introduced to prove its contents, unless particular exceptions apply. Several of these exceptions are contained in Mil.R.Evid. 1004. Included among them are (paraphrased): situations where the original is lost or destroyed, unobtainable under judicial process, in possession of the opponent, or

(3) *Original in possession of opponent.* At a time when an original was under the control of the party against whom offered, the party was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and the party does not produce the original at the hearing; or

(4) *Collateral matters.* The writing, record, or photograph is not closely related to a controlling issue.

3. Appellant was charged with false swearing by making a false statement under oath in an affida-

not "closely related to a controlling issue." None of those exceptions apply here.

In this case, appellant was convicted of false swearing, grounded only on the testimony of an investigator who asserted that appellant had made a false statement in an affidavit. The essential elements of false swearing are that the accused made a sworn statement known to be false. Para. 79b, Part IV, Manual, *supra.* Based on appellant's conviction of the underlying substantive charge, it is therefore uncontroverted that any sworn statement he might have made contending that he did not engage in the illegal activity would have been false. Whether or not there was sufficient evidence to prove that he made such a sworn statement, however, is the crux of this case.

The rules cited above require a written document be introduced into evidence to prove its existence, unless a specified exception applies. I read the majority holding to state indirectly that, although these rules were not strictly followed, appellant waived the issue; and because this departure was not plain error, it will not form the basis for reversal on appeal. This is not to say, however, that this apparently careless practice will be condoned in all cases.

vit. No objection was made at trial; nor is one made on this appeal that the contents of this affidavit had to be proven by introduction of the affidavit itself in evidence. *See* Mil.R.Evid. 1002. Exceptions for proof of a writing by secondary evidence is permissible in certain situations. *See* Mil.R.Evid. 1004. In this case, we see no plain error in the use of the investigator's testimony as to the content of the affidavit, although our conclusion in this regard should not be construed as condoning this unusual practice. *See* Mil. R.Evid. 103(d).