UNITED STATES

v.

Yuba J. DANIELS, Machinist's Mate
Third Class (E–4), U.S. Navy.

NMCM 200000958.

U.S. Navy–Marine Corps Court
of Criminal Appeals.

Sentence Adjudged 18 April 2000.

Decided 22 July 2002.

Maj Eric P. Gifford, USMC, Appellate Defense Counsel.

Maj Robert M. Fuhrer, USMC, Appellate Government Counsel.

Maj Michael J. Shiring, USMCR, Appellant Government Counsel.

Before LEO, Chief Judge, RITTER, and FINNIE, Appellate Military Judges.

FINNIE, Senior Judge:

In accordance with his pleas, the appellant was convicted before a military judge sitting as a special court-martial of willful damage to personal property, larceny, and false swearing, in violation of Articles 109, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 909, 921, and 934. The appellant was sentenced to confinement for 80 days, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged. Pursuant to a pretrial agreement, the convening authority suspended the bad-conduct discharge for a period of 12 months from the date sentence was adjudged.

After carefully considering the record of trial, the appellant's sole assignment of error, and the Government's response, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Background

The appellant stole another Sailor's motorbike from a barracks parking lot. The owner saw the motorbike at a local track and contacted the police. Subsequently, the appellant was questioned by Officer Lawson of the Honolulu Police Department (HPD) regarding his possession of the motorbike. The substance of the conversation and the questions, together with his replies thereto, were reduced to writing. After the appellant read the completed document, Officer Lawson ad-

ministered the appellant an oath to the effect that the recorded statement reflected the truth. After making the appropriate acknowledgment, the appellant signed the statement. Certain of the answers were determined to be false, resulting in the appellant's criminal prosecution for false swearing.

### False Swearing

The appellant contends that the specification under Charge III is legally insufficient to support the finding of guilty for false swearing, because the civilian police officer who administered the oath did not have authority to administer an oath under Article 136, UCMJ, 10 U.S.C. § 936. MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.), Part IV, ¶ 79c(2); Appellant's Brief of 7 Dec 2000 at 3–6. He argues that it was plain error for the military judge to have accepted his plea to the charge and specification. We find no merit in the appellant's arguments.

We find that the specification at issue does allege an offense. The specification under Charge III alleged that MM3 Daniels:

[O]n active duty, did at Wahiawa, Hawaii, on or about 8 January 2000, in a Honolulu Police Department Statement Form, wrongfully and unlawfully subscribe under lawful oath a false statement in substance as follows: "I went up to Kiana Point . . . saw a blue Yamaha YZ–250 leaning up against a guy's pick-up. So I went over to equire [sic] about the motorcycle, I met the guy and we talked about the bike I asked him how much he wanted for it and he told me he couldn't take less than $1700.00 for it. I rode the bike around the beach a little bit and told him that all I had was $1500.00 and I could get it for him the following day we talked for a while longer and he told me his name was Bill Loney and that he would meet me at the same place the next evening. I went up the next evening he was there with the bike and I brought the cash. We made the exchange and I asked for the title, he told me that he did not have the title but he would write me a bill of sale, so we wrote up a bill of sale on the inside of a piece of a beer

case," which statement he did not then believe to be true.

Charge Sheet.

■ "The standard for determining whether a specification states an offense is whether the specification alleges 'every element' of [the offense] either 'expressly or by necessary implication' so as to give the accused notice and protect him against double jeopardy." *United States v. Dear,* 40 M.J. 196, 197 (C.M.A.1994)(quoting RULE FOR COURTS-MARTIAL 307(c)(3)), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.). A specification challenged at trial is viewed in a more critical light than one that is challenged for the first time on appeal. *United States v. French,* 31 M.J. 57, 59 (C.M.A.1990)(citing *United States v. Bryant,* 30 M.J. 72, 73 (C.M.A.1990)); *United States v. Brecheen,* 27 M.J. 67, 68 (C.M.A.1988); *United States v. Watkins,* 21 M.J. 208, 209 (C.M.A.1986). When an appellant challenges a specification for the first time on appeal, he must show substantial prejudice, demonstrating that the charge was so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had. *Bryant,* 30 M.J. at 73. The appellant has failed to demonstrate that the specification is so defective that it cannot be construed to charge the offense of false swearing. We find the specification plainly alleges an offense of false swearing, in violation of Article 134, UCMJ. The appellant did not challenge the specification at trial, pled guilty to the offense, and satisfactorily completed the providence inquiry. Under the circumstances, the specification is sufficient to withstand challenge.

■ Acceptance of a plea by the military judge requires a sufficient factual basis for determining whether the acts of the accused constitute the offense to which he is pleading guilty. *United States v. Care,* 18 C.M.A. 535, 541, 40 C.M.R. 247, 253, 1969 WL 6059 (1969). The military judge may accept the plea if the factual circumstances revealed by the accused objectively support the plea. The standard of review on this issue is whether the record reveals a substantial basis in law and fact for questioning the plea. *United States v. Prater,* 32 M.J. 433, 436 (C.M.A.1991).

■ One of the elements of the offense of false swearing is "[t]hat the oath or equivalent was administered by a person having authority to do so." MCM, Part IV, ¶ 79b(3). The Manual further states, "*See* Article 136 ... as to the authority to administer oaths." MCM, Part IV, ¶ 79c(2). Since Officer Lawson was not a military investigator or conducting a military investigation, the appellant relies on paragraph 79c(2) of the Manual for the proposition that an HPD officer was not authorized to administer an oath under Article 136, UMCJ. We reject the appellant's semantical argument as faulty.

We do not find the appellant's argument persuasive for a number of reasons. First, other provisions of law enacted by the Congress override the appellant's interpretation of paragraph 79c(2). An individual authorized by local law to administer oaths in the State where the oath is administered may administer an oath authorized or required under the laws of the United States. 5 U.S.C. § 2903(c)(2). Where Congress has granted authority to administer oaths under Section 2903, we view such general authority to be controlling in the absence of an express limitation. Article 136, UCMJ, is not an express limitation of the general authority to administer oaths.

Second, in interpreting a Manual provision, this Court gives the terms used their natural, plain, and ordinary meaning. *See United States v. Ray*, 51 M.J. 511, 517 (N.M.Ct. Crim.App.1999)(in interpreting UCMJ we give all terms used in the statute their ordinary meaning). Therefore, we interpret the phrase "*See* Article 136" in paragraph 79(c)(2) as generally directing practitioners to that authority by which certain military members may administer oaths.[1] Our view is consistent with the purpose and legislative

history of Article 136, UCMJ, in that Congress intended to limit those military members who may administer oaths.[2]

Third, contrary to the appellant's argument, we believe the decisions of our superior Court reflect a more expansive view of Article 136, UCMJ. *See United States v. Kim*, 49 M.J. 215 (1998)(holding legally sufficient conviction for false swearing where evidence of record that CID Special Agent derived his authority from Article 136, UCMJ); *United States v. Halley*, 39 M.J. 95 (C.M.A.1994)(holding legally sufficient conviction for false swearing where evidence of record that criminal investigator Special Agent derived his authority from Article 136, UCMJ). Article 136, UCMJ, gives authority to administer oaths to "[a]ll other persons designated by regulations of the armed forces or by statute." Absent a challenge to the authority of the individual administering the oath, *Kim* and *Halley* appear to reject any rigid rule requiring that the individual be on active duty to administer an oath when authorized by service regulation or statute. In the case at bar, Officer Lawson was authorized by statute under the Code to administer an oath. The appellant did not challenge Officer Lawson's authority to administer the oath, and, in fact, specifically acknowledged the police officer's authority to administer the oath. We note the questions and responses between the military judge, the appellant, and the individual military counsel during the providence inquiry regarding the authority of the police officer to administer the oath. The colloquy was as follows:

MJ: Do you believe after discussing this offense with your defense counsel that under Hawaii law a police officer has the authority to obtain a written statement under either oath or affirmation?

---

1. We note that The Bluebook· A Uniform System of Citation R.1.2.(a), at 22–23 (Columbia Law Review Ass'n et al. eds., 17th ed.2000) describes use of the signal as follows: " '*See*' is used instead of '[no signal]' when the proposition is not directly stated by the cited authority but obviously follows from it; there is an inferential step between the authority cited and the proposition it supports."

2. *See* H.R.Rep. No. 81–491, at 36 (1949)("Only certain persons specified are given notarial powers, as it is believed inappropriate that persons having temporary powers to administer oaths should notarize legal instruments which may have drastic legal consequences if incorrectly drawn.")

ACC: Yes, sir.

MJ: Defense counsel, do you concur?

IMC: Yes, sir.

Record at 55. Based on the appellant's responses, we find no substantial basis to set aside the guilty finding in question.

Accordingly, we affirm the findings and sentence, as approved on review below.

Chief Judge LEO and Judge RITTER concur.