**UNITED STATES**

v.

**James P. DAILEY, 233 02 1477, Sergeant (E–5), U.S. Marine Corps.**

**NMCM 91 1770.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 1 Feb. 1991.

Decided 18 March 1992.

---

LT Peter Van Hartesveldt, JAGC, USNR, Appellate Defense Counsel.

LCDR J. Richard Chema, JAGC, USN, Appellate Government Counsel.

Before JONES, Senior Judge, and REED and LAWRENCE, JJ.

REED, Judge:

We have examined the record of trial, the assignments of error,[1] and the Government's reply thereto.

Appellant, tried before a general court-martial, military judge alone, was found guilty, pursuant to his pleas, of signing two official records with the intent to deceive, violations of Article 107, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 907, and larceny of U.S. currency of a value in excess of $100.00, military property of the United States, a violation of Article 121, UCMJ, 10 U.S.C. § 921. He was sentenced to confinement for one year, forfeiture of all pay and allowances, reduction to pay grade E–1, and a bad conduct discharge.

 In his second assignment of error, appellant alleges that his pleas of guilty to Charge II and the specification thereunder, the larceny of military property, were improvident because military allowances, the property stolen, are not "military property" as contemplated by Article 121, UCMJ. Larceny of military property of a value greater than $100.00 carries a maximum punishment of a dishonorable discharge, forfeiture of all pay and allowances and confinement for 10 years. Larceny of non-military property contains the same authorized punishment except that the maximum amount of confinement that can be awarded is capped at five years. *See* Paragraph 46e(1), Part IV, Manual for Courts–Martial (MCM), United States, 1984.

The discussion of Article 121—larceny and wrongful appropriation—found in the MCM[2] indicates the definition of "military property" as used therein is to be found in the MCM under the discussion of Article 108, 10 U.S.C. § 908 offenses. Article 108, of course, deals with the sale, loss, damage, destruction or wrongful disposition of

---

1. I. A SENTENCE WHICH INCLUDES A BAD CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE. [FOOTNOTE OMITTED]
 II. THE FINDINGS OF GUILTY OF CHARGE II AND THE SPECIFICATION THEREUNDER, ALLEGING LARCENY OF MILITARY PROPERTY, WERE IMPROVIDENT BECAUSE MILITARY ALLOWANCES ARE NOT "MILITARY PROPERTY" AS CONTEMPLATED BY UCMJ ARTICLE 121. *UNITED STATES V. THOMAS,* 31 M.J. 794 (A.F.C.M.R.1990); *SEE ALSO UNITED STATES V. SPRADLIN,* 33 M.J. 870 (N.M.C.M.R.1991).

 III. SPECIFICATION 4 OF CHARGE I, ALLEGING FALSE OFFICIAL STATEMENT, IS MULTIPLICIOUS FOR FINDINGS WITH CHARGE II AND ITS SPECIFICATION, ALLEGING LARCENY OF MILITARY PROPERTY. *UNITED STATES V. DOUGAL,* 32 M.J. 863 (N.M.C.M.R.1991). [FOOTNOTE OMITTED]

2. Para. 46b(1), Part IV, MCM, provides in pertinent part: "[Note: If the property is alleged to be military property, as defined in paragraph 32c(1), add the following element]
 (e) That the property was military property."

military property of the United States. *See* Paragraph 32, Part IV, MCM. There we find that "[m]ilitary property is all property, real or personal, owned, held, or used by one of the armed forces of the United States." Paragraph 32c(1), Part IV, MCM.

This Court recently traced the history of the phrase "military property"—*see United States v. Spradlin*, 33 M.J. 870 (N.M.C.M.R.1991)—and we concluded that the "legislative intent [was] to exclude money from the types of military property involved in offenses resulting from mere neglect or suffering, but to include money in the types of military property involved in offenses resulting from willful misconduct tantamount to theft or fraud." *Id.* at 872. We further noted that

> In joining willful offenses with negligent ones in Article 108, U.C.M.J., and applying them to "any military property of the United States," the Congress appears to have adopted the broad definition of military property reflected in Article of War 60,[3] ..., and in its successor Article of War 94 and Article for the Government of the Navy 14, quoted in Schelin[4].... Since ... Article of War 60 and its successors explicitly included "money" among the kinds of "property of the United States furnished or intended for the military service thereof," we are compelled to conclude that, under the right circumstances, money may be alleged as military property....

*Id.*

In *Schelin* the Court of Military Appeals held that retail merchandise of the Army and Air Force Exchange Service was not "military property of the United States." *Schelin* at 220. "In other words, it is either the uniquely military nature of the property itself, or the function to which it is put, that determines whether it is 'mili-

tary property' within the meaning of Article 108." *Id.*

The Court of Military Appeals subsequently expanded on this concept in *United States v. Simonds*, 20 M.J. 279 (C.M.A. 1985). There the Court held that a camera in a ship's store was military property. "In a general sense, all property purchased with federal funds and owned or held by a service is 'military property.' [Citations omitted.] We may presume that items purchased with funds appropriated by Congress to a military department fall within the definition of 'military property.'" *Id.* at 280.

In the case now before us, the appellant stole approximately $5,000.00 from the United States by receiving Basic Allowance for Quarters at the with dependent rate even though he was divorced and thus not so entitled. Funds to pay such allowances are appropriated by Congress on an annual basis. *See, e.g.,* Department of Defense Appropriations Act, 1992, Pub.L. No. 102–172, 105 Stat. 1150 (1991).

The purpose of such allowances is not only to boost the morale of the service member but also to ensure the actual subsistence of him and his family. It performs a "morale and welfare function which is an integral part of the armed forces. 'Providing for the health, morale, and welfare of the [service member] is as much a military purpose as is providing weapons and ammunition. Indeed, the maintenance of health, morale, and welfare of the [service member] is essential to the successful completion of the command's mission'." *Simonds* at 280. We thus hold that the funds paid as the basic allowance for quarters are military property. The appellant's second assignment of error is without merit.

■ Appellant, in his third assignment of error, alleges that the false official

---

**3.** Article of War 60 contains the following:

Any person in the military service of the United States who ... steals, embezzles, knowingly and willfully misappropriates, applies to his own use or benefit, or wrongfully or knowingly sells or disposes of any ordnance, arms, equipments, ammunition, clothing, subsistence stores, *money,* or other property of the United States, *furnished or intend-*

ed for the military service thereof ... [s]hall, on conviction thereof, be punished by fine or imprisonment, or by such other punishment as a court-martial may adjudge. [Emphasis supplied.]

**4.** *United States v. Schelin,* 15 M.J. 218 (C.M.A. 1983).

statements (Article 107 offenses) and the larceny offense (Article 121) are multiplicious for findings. We agree. *See United States v. Dougal*, 32 M.J. 863, 865 (N.M.C.M.R.1991). The providence inquiry makes it clear that appellant signed the false documents as a way of continuing the BAQ fraud. This error will be handled in our decretal paragraph.

The sole remaining assignment of error (I) is that a bad conduct discharge is inappropriately severe. We disagree. We specifically find a bad conduct discharge to be appropriate for a 30–year old sergeant of Marines with over 12 years of service who, despite his age and years of experience, engages in a long-term fraud against the U.S. Government.

The findings are affirmed. The two specifications under Charge I, Article 107, are herewith consolidated into Charge II (Article 121) and its specification. *See United States v. Campbell*, 22 M.J. 99 (C.M.A.1986). Upon reassessment of the sentence pursuant to the principles announced in *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990) and *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), we affirm the sentence adjudged and approved below.

Senior Judge JONES and Judge LAWRENCE concur.