UNITED STATES, Appellee,

v.

James P. DAILEY, Sergeant U.S.
Marine Corps, Appellant.

No. 68,063.
CMR No. 91–1770.

U.S. Court of Military Appeals.

Argued April 8, 1993.

Decided Sept. 20, 1993.

For Appellant: *Lieutenant Michael C.
Pallesen*, JAGC, USNR (argued).

For Appellee: *Lieutenant Commander
Stephen A. Stallings*, JAGC USN (argued);
*Colonel T.G. Hess*, USMC, and *Command-
er W.F. Shields*, JAGC, USN (on brief).

*Opinion of the Court*

WISS, Judge:

Appellant pleaded guilty at his general
court-martial to two specifications of sign-
ing false official records and one specifica-
tion of larceny of military property of the
United States, in violation of Articles 107
and 121, Uniform Code of Military Justice,
10 USC §§ 907 and 921, respectively. Af-
ter accepting the pleas as provident, the
military judge sentenced appellant to a bad-
conduct discharge, confinement for 1 year,
total forfeitures, and reduction to the low-
est enlisted grade. The convening authori-
ty approved these results except for sus-
pending confinement in excess of 8 months
for 1 year.

On appeal, the Court of Military Review
consolidated the two specifications of sign-
ing false official records into the larceny
specification. On reassessment of the sen-
tence, *see United States v. Sales*, 22 MJ
305 (CMA 1986), the court affirmed the
sentence as approved below. 34 MJ 1039,
1042 (1992).

We granted review to determine whether
excess allowances received by appellant
were military property. *See* 36 MJ 211
(1992). Twice during his providence inqui-
ry, appellant explicitly acknowledged that
the subject of his larceny—the difference
between the basic allowance for quarters
(BAQ) at the "with dependent" rate and
that at the single rate that was paid to him
after appellant and his wife had divorced in
1986—"was military property of the United
States." Notwithstanding, appellant has
maintained on appeal that money appropri-
ated by Congress for payment of BAQ is
not "military property" for purposes of Ar-
ticle 121 so as to be subject to the sentence-
enhancement provision in paragraph
46e(1)(c), Part IV, Manual for Courts–Mar-
tial, United States, 1984 (Change 3). The
Court of Military Review disagreed, and so
do we.

In *United States v. Hemingway*, 36 MJ
349 (CMA 1993), the accused and a cohort

stole United States Treasury checks from the travel pay section of the finance office, forged the names of the payees, and deposited the checks into the cohort's bank account. In the course of considering Hemingway's contention that the checks and the corresponding funds were not "military property" within the meaning of the President's sentencing scheme for violations of Article 121, we reviewed the historical meaning of that term, tracing back from a "Note" in paragraph 46 that incorporates the definition found in paragraph 32c(1). In the end, we held

> that appropriated funds belonging to the United States Army—even if only being "held" by the Army for immediate disbursement to an individual soldier for duty travel—are within the meaning of "military property of the United States" for purposes of Article 108 and, therefore—through paragraph 32c(1)—for purposes of determining the maximum sentence to confinement for larceny under paragraph 46b(1)(e) and e(1)(c).

36 MJ at 352.

The same result, for the same reasons, obtains here. BAQ funds are appropriated by Congress; their defined purpose is to boost morale and to ensure subsistence of servicemembers and their families. *United States v. Simonds*, 20 MJ 279 (CMA 1985). They are "clearly distinguishable from salary" and, when improperly made, do not transform into the individual's property. *See United States v. Antonelli*, 35 MJ 122, 127 (CMA 1992). These appropriated funds are surely military property just as the appropriated travel funds in *Hemingway* were.

Thus, fully consistent with our analysis in *Hemingway*, we hold that the excess BAQ that appellant admitted to stealing was "military property of the United States" within the meaning of the sentencing provisions of paragraph 46e(1)(c) of the Manual. *Cf. United States v. Schelin*, 15 MJ 218, 220 (CMA 1983) ("In other words, it is either the uniquely military nature of the property itself, or the function to which it is put, that determines whether it is 'military property' within the meaning of Article 108.").

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and GIERKE concur.