UNITED STATES, Appellee

v.

Toby D. SNEED, Corporal, U.S. Marine Corps, Appellant.

No. 94–0933.
CMR No. 91 2342.

U.S. Court of Appeals for the Armed Forces.

Argued March 9, 1995.

Decided Sept. 28, 1995.

For Appellant: *Lieutenant Philip M. Sundel*, JAGC, USNR (argued); *Lieutenant Brian C. Lansing*, JAGC, USNR (on brief).

For Appellee: *Lieutenant John R. Livingston*, JAGC, USN (argued); *Colonel J. Composto*, USMC, *Commander S.A. Stallings*,

JAGC, USN, *Lieutenant Brian B. Rippel,* JAGC, USNR (on brief); *Colonel T.G. Hess,* USMC, and *Lieutenant Commander Lyle H. Bowen, Jr.*

### Opinion of the Court

WISS, Judge:

1. After entering mixed pleas, appellant was convicted by a general court-martial of negligent dereliction of duty and falsifying an official record (6 specifications each); wrongful disposition of military property (2 amounts of currency) without authority; suffering the wrongful disposition of military property ($228 and a pistol & ammunition) through neglect; and larceny of 8 amounts of currency along with miscellaneous items of military property, in violation of Articles 92, 107, 108, and 121, Uniform Code of Military Justice, 10 USC §§ 892, 907, 908, and 921, respectively. Thereafter, the court members sentenced appellant to a bad-conduct discharge, confinement for 3 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Military Review[1] affirmed. 39 MJ 849 (1994).

■ 2. We granted appellant's petition to consider whether items of privately-owned property being held by the military "in an

evidence locker for potential use in military judicial proceedings are military property of the United States" for purposes of prosecution under Article 108 and for purposes of escalating the maximum sentence under Article 121.[2] Now, we hold that such property qualifies as "military property of the United States" because of "the function to which it is put." *See United States v. Schelin,* 15 MJ 218, 220 (CMA 1983).

I

3. Appellant was the military police evidence custodian at Camp Lejeune, North Carolina. While searching appellant's residence pursuant to an investigation into alleged possession of drug paraphernalia by one of his roommates, an investigator found and seized several items of property with military police evidence tags on them, including a camouflage gym bag, two utility caps, and two blue baseball caps. Subsequently, appellant surrendered other items that had either evidence tags or evidence tape on them, such as pornographic magazines and cologne. After appellant had been relieved of his duties, the evidence locker was inventoried; from this, authorities learned that money and other property were "missing and that log entries had been falsified" to show that property had been returned to their

---

1. *See* 41 MJ 213, 229 n. * (1994).

2. Article 108, Uniform Code of Military Justice, 10 USC § 908, proscribes the sale; disposition; willful or negligent damage, destruction, or loss; and willful or negligent suffering of loss, damage, destruction, sale, or disposition of "any military property of the United States." Paragraph 32c(1), Part IV, Manual for Courts–Martial, United States, 1984 (Change 3), discusses the phrase "military property" in these terms:

> Military property is all property, real or personal, owned, held, or used by one of the armed forces of the United States. It is immaterial whether the property sold, disposed, destroyed, lost, or damaged had been issued to the accused, to someone else, or even issued at all.... Retail merchandise of service exchange stores is not military property under this article.

Of course, "inasmuch as this language in paragraph 32c(1) seeks to define the meaning and ambit of a specific punitive article, it is not conclusively authoritative." *United States v. Hemingway,* 36 MJ 349, 351 (CMA 1993). Nonetheless, this Court has applied these concepts as

consistent with its interpretation of that statutory phrase. *See id.; see also United States v. Simonds,* 20 MJ 279 (CMA 1985).

The circumstances involving Article 121, UCMJ, 10 USC § 921, however, are a bit different. That provision proscribes larceny and wrongful appropriation but makes no special mention of "military property." In a Note preceding subparagraph (e) of paragraph 46b(1) of Part IV of the Manual, though, the President added that as a factor to be pleaded in a case in which the subject of the larceny was of such a character. The Drafters' Analysis of this provision indicates that this was done in order to escalate the maximum imposable sentence so that the maximum for stealing military property under Article 121 would be the same as for damaging, destroying, or disposing of it under Article 108. *See* Manual, *supra* at A21–99 (1994 ed.). *Compare* para. 46e(1), Part IV, Manual, *supra,* with para. 32e. The same Note indicates that "military property" for this purpose is "as defined in paragraph 32c(1)," just discussed above.

owners when, in fact, appellant had retained it for himself.   39 MJ at 850.

4.  At appellant's ensuing trial, he entered mixed pleas to the charged offenses that related to "military property of the United States."   The military judge treated the question whether the particular property satisfied the statutory element of Article 108 and the sentence escalator of Article 121 as one of fact, instructing as follows:

> The term military property of the United States means property owned by or intended for use by the military service of the United States.   In other words, it is either the uniquely military nature of the property itself, such as tanks and fighter aircraft, or the function to which it is put, such as the maintenance of health, morale, and discipline which is essential to the successful completion of the Command's mission.   Items in ships stores have been considered to be military property of the United States even though it could be purchased for personal use by members of the military.   Now, the maintenance of items of evidence is an indispensable part of the [military justice] system; thus, if you find that the items listed in this specification was [sic] properly surrendered to the hands of the military to permit its use in evidence, you can conclude that it is military property of the United States.

In due course, the members returned with findings that reflected their conclusion that the property was "military property of the United States" as that had been defined for them.

## II

5.  Preliminarily, we must consider whether the question of particular property being "military property" is one of fact or law.   As indicated earlier, the character of the property is a statutory element of the offense under Article 108 and is a specific sentence escalator to be pleaded under Article 121 when appropriate.   *See* n. 2, *supra.* In either case, then, the members must be satisfied beyond a reasonable doubt that the property in question is "military property of the United States."

6.  At the same time, the precise meaning of the statutory element of Article 108—and, indirectly, of the sentence escalator of Article 121—is a question of law and implicitly has been treated as such by this Court whenever we have confronted that issue.   *See, e.g., United States v. Dailey,* 37 MJ 463 (CMA 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1188, 127 L.Ed.2d 538 (1994); *United States v. Hemingway,* 36 MJ 349 (CMA 1993); *United States v. Simonds,* 20 MJ 279 (CMA 1985); *United States v. Schelin, supra.*   While each of those cases was an appeal from a guilty plea, none of the opinions purported to rely on the accused's factual admissions and acknowledgements but, instead, forthrightly analyzed and answered on the substantive merits whether the property constituted "military property of the United States."

7.  We think that the appropriate function of this Court on this issue is no different from what it is regarding any other instance of a statutory element of an offense.   First, if its meaning is not full and plain on its face, we will interpret the statute's language according to legally accepted principles for doing so—in other words, we will define it.   Second, having done that, we will consider a question whether any particular category of property cannot meet that definition as a matter of law.   Finally, assuming that the whole category of property is not disqualified as "military property of the United States," we will consider any claim that, in a particular case, the evidence is legally insufficient to support a factual finding that specific property was of this character.   *See generally United States v. Gaudin,* —— U.S. ——, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995)(A mixed question of law and fact that is an element of an offense is decided by a jury.).

8.  We met our responsibility in the first of these functions in *United States v. Schelin,* 15 MJ at 220, when Judge Cook wrote:

> In the absence of any Congressional guidance, it seems most likely to us that "military property" was selected for special protection due to its role in the national defense.   In other words, it is either the

*uniquely military nature* of the property itself, *or the function to which it is put,* that determines whether it is "military property" within the meaning of Article 108. We do not suggest that it is only tanks, cannons, or bombers that merit the protection of Article 108, for many items of ordinary derivation are daily put to military use. . . .

(Emphasis added.)

9. Applying this definition in that case and in the others that followed, cited earlier, we have held that: retail merchandise regularly offered for sale to members of the armed forces by the Army and Air Force Exchange Service, a government instrumentality, was not military property (*United States v. Schelin, supra*) but retail merchandise in a ship's store, an appropriated-fund activity managed by the Navy Supply Corps (that is, property purchased with federal funds and owned or held by a service until sold to a servicemember) was (*United States v. Simonds*, 20 MJ at 280); appropriated funds belonging to a service, even if only being "held" by the service for immediate disbursement to an individual servicemember for duty travel, are military property (*United States v. Hemingway*, 36 MJ at 352); and money appropriated by Congress for payment of BAQ allowance, with the defined purpose of boosting morale and ensuring subsistence of servicemembers and their families, was military property (*United States v. Dailey*, 37 MJ at 464).

10. Now we are asked by appellant to hold, as a matter of law, that private property temporarily being held by the military as potential items of evidence in courts-martial (or property that already has been used as evidence but has not yet been returned to their owners) is not military property. Application of the definition of *Schelin,* especially as construed in *Hemingway,* compels a contrary conclusion, however.

11. It is trite to point out the critically important role that the military justice system performs for the armed forces and for the larger community as a whole, both to ensure individual justice and to contribute to the military's overall discipline and mission effectiveness. It is a role that could not be performed with equal satisfaction in the absence of this separate justice system. As it is put in the Preamble to the current Manual for Courts–Martial:

> The purpose of military law is to promote justice, to assist in maintaining good order and discipline in the armed forces, to promote efficiency and effectiveness in the military establishment, and thereby to strengthen the national security of the United States.

Para. 3, Part I, Manual, *supra.* In this context, the *function to which property is put* as evidence in courts-martial, notwithstanding that it is privately owned, qualifies that property as "military property of the United States" while it is held in the exclusive custody of a service pending termination of its need by that service. *Cf. United States v. Reap*, 43 MJ 61 ¶ 15 (1995) (One may possess property without having title to it, and one may have title to property without possessing it.).

12. Under instructions that defined the relevant phrase, the members concluded that the particular items of property in this case met the definition of "military property of the United States." Appellant did not challenge the adequacy of those instructions either at trial or on appeal, or allege the legal insufficiency of the evidence to support the members' finding—assuming, as we have just decided, that property held as court-martial evidence legally is within the scope of "military property." So be it.

### III

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and GIERKE concur.