UNITED STATES, Appellee,

v.

David E. RUSSELL, Airman Basic,
U.S. Air Force, Appellant.

No. 98–0207/AF.
Crim.App. No. 32662.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 17, 1998.

Decided April 7, 1999.

Sullivan, J., filed opinion concurring in result.

Gierke, J., filed opinion concurring in result.

CRAWFORD, J., delivered the opinion of the Court, in which COX, C.J., and EFFRON, J., joined. SULLIVAN and GIERKE, JJ., filed opinions concurring in the result.

For Appellant: *Captain Teresa L. Davis* (argued); *Colonel Douglas H. Kohrt* and *Captain Thomas R. Uiselt* (on brief); *Major Kevin P. Koehler.*

For Appellee: *Captain Martin J. Hindel* (argued); *Lieutenant Colonel Michael J. Breslin* (on brief); *Colonel Brenda J. Hollis*, *Lieutenant Colonel Anthony P. Dattilo*, *Major Ronald A. Rodgers*, and *Captain Mitchel Neurock.*

Judge CRAWFORD delivered the opinion of the Court.

Pursuant to his pleas, appellant was convicted of dereliction of duty, false official statement, wrongful disposition of military property, obstruction of justice, and larceny of military property (8 specifications), in violation of Articles 92, 107, 108, 134, and 121, Uniform Code of Military Justice, 10 USC §§ 892, 907, 908, 934, and 921, respectively. Fourteen larceny specifications were withdrawn as part of the pretrial agreement. The convening authority approved the sentence of a dishonorable discharge, 24 months' confinement, partial forfeitures, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

We specified the following issue:

WHETHER, AS A MATTER OF LAW, PROPERTY WHICH APPELLANT PURCHASED WITH A GOVERNMENT CREDIT CARD, WHICH PROPERTY WAS NEVER REQUESTED, AUTHO-

RIZED, USED, OR POSSESSED BY THE ARMED FORCES, WAS "MILITARY PROPERTY," AND WHETHER APPELLANT'S RELATED PLEAS OF GUILTY TO SPECIFICATIONS 5, 8, 9, AND 19 OF CHARGE I, AND THE SPECIFICATION OF CHARGE IV WERE PROVIDENT.

We hold that appellant's pleas were provident.

## FACTS

Appellant used a government Visa card to make purchases when there was no requisition form. Some of these items he would take to his workplace; others he would take directly from the civilian source to his quarters, never intending them to be turned over to the Government.

During the providence inquiry, the judge asked whether, and appellant admitted that each item was "military property." Each of these inquiries was focused on the nature of the property and whether the items purchased were items that "the Air Force had a use for, [or] could have used" to operate its refrigeration systems.

The question in this case is whether these items were legitimately military property, and if not, whether there is substantial variation in the maximum punishment so as to have an impact on the pleas. If the property stolen was not military property, the maximum punishment would be reduced from 73½ years to 48 years. *See* paras. 32e(1)(b) and 46e(1)(a)–(d), Part IV, Manual for Courts–Martial, United States (1998 ed.).

The defense argues that appellant's pleas were improvident because the property he confessed to stealing and disposing of was not "military property." The Government argues that the Air Force gained constructive possession of the property at the time of the purchases. Alternatively, the Government argues that, in any event, the pleas were provident.

## DISCUSSION

■ This Court has held on numerous occasions that it will not set aside a guilty plea unless there is a "substantial basis" in law

and fact for questioning the plea. *United States v. Prater*, 32 MJ 433, 436 (1991).

■ Paragraph 32c(1), Part IV, Manual, *supra*, defines military property as "all property, real or personal, owned, held, or used by one of the armed forces of the United States." In this case, appellant admitted that each item stolen was military property that was used by the Air Force in its refrigeration systems. His answers are consistent with our understanding of the meaning of that term. *See United States v. Dailey*, 37 MJ 463, 464 (CMA 1993) (larceny of quarters allowance is larceny of military property of the United States); *United States v. Hemingway*, 36 MJ 349, 352 (CMA 1993) (theft of United States treasury checks from the finance office constituted theft of military property because "appropriated funds belonging to the United States Army—even if only being 'held' by the Army for immediate disbursement to any individual soldier for duty travel—are within the meaning of 'military property of the United States' ").

Thus, we hold that there is no substantial evidence in the record that contradicts appellant's responses to the military judge concerning the character of the stolen items as military property. We will not allow appellant to throw a penalty flag and prevail after he has admitted on the record to each element of the charged offenses which remain uncontradicted to date.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

SULLIVAN, Judge (concurring in the result):

Article 121, Uniform Code of Military Justice, 10 USC § 921, prohibits the crime of larceny of property from its owner. The property alleged to be stolen here was various items purchased with a credit card made available by the Government to military personnel for military duties. Paragraph 46e, Part IV, Manual for Courts–Martial, United States, 1984 (1994 and 1995 eds.) provides for enhanced punishment if the items stolen are "military property". However, failure to satisfy this punishment enhancer in no way

invalidates a plea of guilty to larceny under Article 121.

In any event, I conclude that appellant admitted that this punishment enhancer existed in his case, *i.e.*, he stole military property. Appellant admitted that he used a credit card issued to him by the United States for the purpose of performing his military duties. He also admitted that the items which he purchased were military property, as a result of the manner in which they were purchased. As this Court said in *United States v. Simonds*, 20 MJ 279, 280 (1985), "In a general sense, all property purchased with federal funds and owned or held by a service is military property." I think *Simonds* is controlling in this case.

In addition, to the extent this is viewed as a guilty plea issue, post-trial speculation concerning the use that may or may not have been made of this property should not be countenanced. I would affirm under *United States v. Harrison*, 26 MJ 474, 476 (CMA 1988) (post-trial speculation in guilty plea cases will not be countenanced). Appellant admitted that it was military property and provided a factual basis for his admission.

GIERKE, Judge (concurring in the result):

I agree with the result reached in the majority opinion, but I write separately to set out my rationale for affirming the decision of the court below.

The term "military property" under Article 121 was not defined in paragraph 46e(1),* Part IV, Manual for Courts–Martial, United States (1995 ed.), which was in effect at the time of appellant's offenses. The term was defined, however, in the discussion section of Article 108 in paragraph 32(c)(1).* I agree with the majority that the definition under Article 108 is applicable to Article 121.

Although appellant admitted during the plea inquiry that the property was "military property," his agreement with a legal conclusion is not necessarily sufficient to establish a factual predicate for his pleas. *See United States v. Outhier*, 45 MJ 326, 331 (1996) ("Mere conclusions of law recited by an accused are insufficient to provide a factual basis for a guilty plea."). However, he also admitted that he was an authorized purchasing agent for the Air Force, and that he used a government credit card, thereby obligating the Air Force to pay for the property. He admitted that the items purchased were items that could be used by the Air Force to operate its refrigeration systems. He admitted that the Air Force had actual possession of those items that he took to his place of duty. The Government asserts, and I agree, that the Air Force had constructive possession of those items that appellant took to his home. *See United States v. Simonds*, 20 MJ 279, 280 (CMA 1985) ("In a general sense, all property purchased with federal funds and owned or held by a service is military property.").

In my view, the foregoing facts are a sufficient factual predicate for the pleas of guilty. *See* RCM 910(e), Manual for Courts–Martial, United States (1998 ed.), and *United States v. Davenport*, 9 MJ 364, 367 (CMA 1980) (factual basis for plea required). Appellant made no statements inconsistent with his pleas of guilty. *See* RCM 910(h)(2) and *United States v. Penister*, 25 MJ 148 (CMA 1987) (statements inconsistent with plea must be resolved or plea set aside.). Accordingly, I join the majority in concluding that there is no "substantial basis" for setting aside the guilty pleas. *See United States v. Prater*, 32 MJ 433, 436 (CMA 1991).

---

* These paragraphs remain the same in the 1998     edition.