ERDMANN, Judge,
dissenting:
I respectfully dissent. In my view, there is an inadequate factual basis to support Appellant’s plea of guilty to conspiracy to commit larceny of merchandise of a value of more than $100. As I believe that there is an adequate factual basis to support a plea to conspiracy to commit larceny of merchandise of some value, I would affirm the guilty plea to that extent. I would further find that the error was harmless with respect to the sentence and affirm the sentence.
The charges and specifications relating to conspiracy and larceny include:[1] conspiracy to commit larceny and larceny of merchandise of a value of more than $100 from the Kadena Tennis Pro Shop on May 27 and 28, 2000; conspiracy to commit larceny of merchandise with a value of over $100 in regard to an attempted larceny from the Powerzone on June 21, 2000; and conspiracy to commit larceny and larceny of merchandise with a value over $100 from the Powerzone on June 22.
The specification that is the subject of this appeal is the conspiracy to commit larceny from the Powerzone on June 21. Although Appellant and his co-conspirators were successful on that date in entering the building in which the Powerzone was located, they were unable to gain entry to the Powerzone itself. Therefore, unlike the conspiracy charges relating to the larceny from the Kadena Tennis Pro Shop and the June 22 larceny from the Powerzone, there was no successful larceny of the Powerzone on June 21, 2000 and consequently no merchandise was taken.
Perhaps because there was no successful completion of this conspiracy to commit larceny, there was no exchange between the military judge and Appellant concerning the value of merchandise that he and his co-conspirators intended to steal from the Powerzone on June 21. Indeed the majority recognizes that “at no point during Appellant’s providence inquiry regarding Specification 2 did Appellant admit in declaratory fashion that he intended to steal more than $100 in merchandise. Nor did the stipulation of fact specify the value in question.” 60 M.J. at 65.
In order to find a factual basis that Appellant intended to steal merchandise of a value of more than $100, the majority notes: “[A]ny such admission must be found in Appellant’s acknowledgement that he understood the elements of Specification 2, which included a value of more than $100[.]” 60 M. J. at 65.
In United States v. Jordan, 57 M.J. 236, 238 (C.A.A.F.2002), this Court set forth a comprehensive overview of the legal requirements in a providence inquiry:
To guard against improvident pleas under Article 45, ROM 910(e), Manual, supra, provides: “The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea.” In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit “factual circumstances as revealed by the accused himself [that] objectively support that plea[.]” United States v. Davenport, 9 MJ 364, 367 (C.M.A.1980). It is not enough to elicit legal conclusions. The military judge must elicit facts to support the pleas of guilty. United States v. Outhier, 45 MJ *67 326, 331 (1996). The record of trial must reflect not only that the elements of each offense charged have been explained to the accused, but also “make clear the basis for a determination by the military trial judge ... whether the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty.” United States v. Care, 18 USCMA 535, 541, 40 CMR 247, 253 (1969).
Upon appellate review, this Court will not overturn a guilty plea unless there is a substantial basis in law and fact for questioning the providence of the plea. United States v. Russell, 50 M.J. 99, 100 (C.A.A.F.1999); United States v. Prater, 32 M.J. 433, 436 (C.M.A.1991). We will consider the whole record, including references to a stipulation of fact, to find that a guilty plea inquiry is adequate. See, e.g., United States v. Sweet, 42 M.J. 183 (C.A.A.F.1995).
Looking at the entire record in this case, there is no discussion with Appellant as to whether he intended to steal more than $100 in merchandise from the Powerzone on June 21. There is no reference to the value of this merchandise in the stipulated facts. The only basis that can be found is the following statement of the military judge, after he listed the elements of larceny in regard to Charge 1, Specification 1:[2]
Okay, Numerous specifications on this charge sheet would normally require me to advise you again and again of the crime— the elements and the definitions associated with that crime. In the interest of time, we could dispense with me reading that to you over and over again if you can assure me that you understand the elements of the crime of larceny and the definitions that I have given you.
Appellant responded, “Yes, Sir.” to the military judge’s question as to whether he understood the elements and definitions. The mere recitation of the elements of a crime, however, and an accused’s rote response is simply not sufficient to meet the requirements of Article 45, Uniform Code of Military Justice, 10 U.S.C. § 845 (2000), United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247 (1969) and its progeny, or Rule for Courts-Martial 910 [hereinafter R.C.M.]. In recognition of this requirement, the military judge revisited Charge I, Specification 1 and specifically elicited Appellant’s response to each element, including that the merchandise had a value of more than $100. The military judge failed to conduct a similar inquiry for Specification 2.
Because of the requirement for notice pleading in military practice, the specifications of charged offenses must contain factual allegations. See R.C.M. 307(e)(3). In turn, a military judge recites these factual allegations within the elements of offenses during a guilty plea inquiry. I am not aware of a post Care case that found an adequate factual basis for a guilty plea solely from an accused’s acknowledgement of the elements of an offense. “[T]he military judge must elicit ‘factual circumstances as revealed by the accused himself[J” Jordan, 57 M.J. at 238 (quoting United States v. Davenport, 9 M.J. 364, 367 (C.M.A.1980)). Appellant himself revealed nothing about value and nothing about his specific intent to steal items of a value of over $100.[3]
Appellant’s specific intent to steal merchandise of a value of more than $100 related directly to the maximum punishment. At the time of Appellant’s trial, the maximum sentence for larceny of property of a value of more than $100 included five years confinement, whereas larceny of property of a value of $100 or less included confinement for only six months. See Manual for Courts-Martial, United States (2000 ed.), Part TV, para. 46.e.(l)(a)-(b). This distinction in the maximum punishment applies also to the offense *68 of conspiracy to commit larceny. Manual for Courts-Martial, United States (2002 ed.), Part IV, para. 5.e. The issue on appeal in this case did not merely involve a simple fact, but rather involved a distinction of consequence that was not developed properly on the record of trial.
This providence inquiry fails to meet the requirements of Article 45, Care and its progeny or R.C.M. 910. There is simply no factual predicate based upon questioning of the accused, the stipulation, or other facts in the record that establishes Appellant intended to steal property of a value over $100. The omission here is substantial.
I would affirm only so much of the finding of guilty of Specification 2 of Charge I as provides that Appellant conspired to commit larceny of merchandise of some value. However, as I am convinced that Appellant suffered no substantial prejudice with respect to sentencing, I would affirm the sentence.

. Appellant was charged with three specifications of conspiracy to commit larceny; two specifications of violating a lawful order (consuming alcohol under the age of 21); three specifications of larceny; and four specifications of housebreaking.

. Charge I, Specification 1 charged conspiracy to commit larceny of the Kadena Tennis Pro Shop on May 27, 2000.

. A common sense review would lead one to the conclusion that Appellant was unlikely to conspire to steal less than $100 from the Power-zone—a conclusion that is supported by the fact that when Appellant was ultimately successful in breaking into the Powerzone, he and his co-conspirators stole approximately $10,000 in merchandise. Common sense, however useful as it is in approaching a variety of legal issues, is not a substitute for the requirement that the record must contain the factual basis for a guilty plea.