ERDMANN, Judge, with whom EFFRON, Judge, joins
(dissentmg):
I respectfully dissent. In my view the record is insufficient to sustain Staff Sergeant McCrimmon’s guilty pleas to Specifications 7, 8 and 9 of Charge IV, which allege bribery by asking for money. Specifically, the record does not support the providence of these pleas to the element of the offense which requires McCrimmon to have accepted the money with the intent of having his decision or action influenced. See Manual for Courts-Martial, United States (2002 ed.) [MCM], Part IV, para. 66.b.(l)(e). The record, however, provides ample support to affirm a conviction for the crime of graft and also supports affirming McCrimmon’s sentence.
I agree with the majority opirnon that the focus of our decision in this case is whether this record establishes a factual basis for McCrimmon’s plea to the specific intent element of bribery: “That the accused asked, accepted, or received this thing of value with the intent to have the accused’s decision or action influenced with respect to a certam matter.” Id. The intent to have one’s actions or decisions influenced is a critical element of bribery by asking. United States v. Marshall, 18 C.M.A. 426, 428, 40 C.M.R. 138, 140 (1969)(holding bribery must entail “a corrupt intent to influence official action”); see also United States v. Sun-Diamond Growers of Cal., 526 U.S. 398, 404, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999)(noting the fed *155 eral statutory requirement that there be an “intent ... ‘to influence any official act’ (giver) or in return for ‘being influenced in the performance of any official act’ (recipient)”); United States v. Jennings, 160 F.3d 1006, 1014 (4th Cir.1998). This record reveals that McCrimmon did not intend to have his actions influenced in any way. He was simply capitalizing on a concrete situation that already existed and he did not contemplate or take any individual official action nor did he contemplate or take steps to influence another’s official action.
During his discussion of the offenses with the military judge, McCrimmon acknowledged that as drill sergeant he “pretty much had say-so” as to Article 15 punishment. Despite this acknowledgment of general influence over the Article 15, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 815 (2000), decision-making process, in this case McCrimmon never asserted that he intended to exercise his own authority to make a recommendation regarding imposition of punishment under Article 15, UCMJ. Instead, McCrimmon acknowledged to the military judge that he was simply capitalizing on a situation not of his own making and which required no action whatsoever on his part:
After conversing with the First Sergeant and realizing that it was just a scare tactic, I took advantage of the situation also and took it a step further, as far as the scare tactic. I had them thinking that had they gotten an Article 15, it would have an effect on them not graduating from basic training. So at that moment, I took advantage of them and accepted money from them. I explained to them that if they paid me money, they wouldn’t get the Article 15 that was promised to them by the First Sergeant, and they’d be allowed to go ahead on and graduate.
Any implied promise to influence thé process was nothing more than a false pretense to get money from the three trainees involved.
In the stipulation of fact, McCrimmon did stipulate that he “asked for and received this sum, with the intent to have his decision influenced[.]” I am not persuaded, however, that this stipulation alone is sufficient to resolve the factual issue of McCrimmon’s actual intent in this case. The stipulation is written as a virtual recitation of the elements of the offense and hardly seems reflective of actual facts. More importantly, however, the difference between the stipulation and MeCrimmon’s actual statements should have caused the military judge to conduct a more in-depth inquiry into the facts. See United States v. Outhier, 45 M.J. 326, 331 (C.A.A.F.1996).
If he could not resolve the inconsistency between the stipulation and the articulated facts, the military judge should have rejected the pleas. United States v. Garcia, 44 M.J. 496, 498 (C.A.A.F.1996), (quoting Article 45(a), UCMJ, 10 U.S.C. § 845(a)(1994)); see also Rule for Courts-Martial 910(e), (h)(2). MeCrimmon’s sworn statement to the military judge is factually inadequate and the conflict with the stipulation of fact is unresolved. These defects present a substantial basis in fact and law for questioning the providence of these pleas. United States v. Russell 50 M.J. 99, 100 (C.A.A.F.1999); United States v. Prater, 32 M.J. 433, 436 (C.M.A.1991).
In this case, the record supports a provident guilty plea only to the lesser-included offense of graft. Graft is distinct from bribery in that graft requires no specific intent to have a decision or action influenced. MCM, Part IV, para. 66.b.(l)(c). McCrimmon’s statements reveal that he asked for the money from the three trainees for services, although he had no intention of performing any service or taking any action whatsoever.
I would modify the findings of guilty to specifications 7, 8, and 9 of Charge TV to reflect only a finding of guilty to the lesser-included offense of graft in violation of Article 134, UCMJ, 10 U.S.C. § 934 (2000). I would affirm the modified findings and the remaining findings of guilty. I am convinced, however, that had the military judge found McCrimmon guilty of graft in these three specifications, he would have adjudged an identical sentence. Therefore, I would affirm the sentence.