**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman Basic JOSE A. COSSIO**
**United States Air Force**

**Misc. Dkt. No. 2014-14**

**17 August 2015**

Sentence adjudged 16 December 2004 by GCM convened at Hurlburt Field, Florida. Military Judge: W. Thomas Cumbie (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 10 months, fine of $750.00, an additional 3 months of confinement if the fine is not paid, and reduction to E-1.

Before

MITCHELL, TELLER, and CONTOVEROS[1]
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

The petitioner filed a petition for a writ of error coram vobis and a writ for the appointment of appellate defense counsel. We deny the petition.

*Background*

*I. First Court-Martial*

On 16 December 2004, a military judge sitting as a general court-martial convicted the petitioner,[2] contrary to his pleas, of stealing United States currency, two

---

[1] Judge Contoveros participated in this decision prior to her reassignment.
[2] Mr. Cossio has at times in this court been an appellant under Article 66, UCMJ, 10 U.S.C. § 866, an appellee to a government appeal under Article 62, UCMJ, 10 U.S.C. § 862, and a petitioner for various writs. We choose to refer

violations of federal laws prohibiting improperly obtaining another person's Social Security number and using that person's Social Security number with intent to commit larceny, and communicating a threat, in violation of Articles 121 and 134, UCMJ, 10 U.S.C. §§ 921, 934. The adjudged and approved sentence consisted of a bad-conduct discharge, confinement for ten months, reduction to E-1, and a fine of $750 with an additional three months of confinement if the fine was not paid. *United States v. Cossio*, ACM 36206 (A.F. Ct. Crim. App. 24 August 2006) (unpub. op.). We affirmed the findings and sentence after "conclud[ing] there [was] overwhelming evidence in the record of trial to support the court-martial's findings of guilty of wrongful communication of a threat and computer fraud and abuse, both in violation of Article 134, UCMJ, 10 U.S.C. § 934" and that his other assignments of error were without merit. *Id.* at 2. On 30 January 2007, our superior court denied the petitioner's petition for review. *United States v. Cossio*, 64 M.J. 401 (C.A.A.F. 2007). On 25 July 2008, a final court-martial order ordered the bad-conduct discharge to be executed.

## II. Second Court-Martial

After he was released from confinement from the first court-martial, the appellant was placed on appellate leave. While on appellate leave, the appellant was apprehended and placed into pretrial confinement as a result of an investigation into a counterfeit website purporting to be an official Hurlburt Field website. *United States v. Cossio*, 64 M.J. 254, 255 (C.A.A.F. 2007). On 30 January 2006, the petitioner was arraigned on additional charges, which the military judge dismissed based on an Article 10, UCMJ, 10 U.S.C. § 810, speedy trial violation. *Id.* at 255–56. The United States filed an appeal under Article 62, UCMJ, 10 U.S.C. § 862. This court granted the Article 62, UCMJ, appeal, determined the appellant had not been denied his right to a speedy trial and set aside the dismissal of charges. *United States v. Cossio*, Misc. Dkt. 2006-02 (A.F. Ct. Crim. App. 10 May 2006) (unpub. op.). On 10 January 2007, our superior court affirmed this court's decision that the petitioner was not denied his rights under Article 10, UCMJ. *Cossio*, 64 M.J. at 258. The Supreme Court denied a petition for writ of certiorari on 25 June 2007.

## III. Writs

### A. 2007 Writ of Error Coram Vobis

On 14 November 2007, the petitioner, claiming a *Brady*[3] violation by the trial

---

to him as petitioner throughout this opinion. His tenure as a litigant in this court has outlasted numerous military appellate judges and three Air Force Judge Advocates General.

[3] *Brady v. Maryland*, 373 U.S. 83, 87 (1963), held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Here, the essence of the petitioner's coram vobis claim was that the trial counsel was aware of and failed to disclose to the defense that Senior Airman (SrA) MHT, a

counsel at his first court-martial, asked this court to issue a writ of coram vobis and set aside the findings and sentence. On 21 November 2007, this court issued an order prohibiting the execution of the approved bad-conduct discharge pending resolution of the petition.

On 15 February 2008, this court, addressing the petition for a writ of coram vobis on its merits, rescinded the writ of prohibition regarding the execution of the petitioner's bad-conduct discharge and denied the petitioner's writ of coram vobis. *United States v. Cossio*, ACM 36206 (A.F. Ct. Crim. App. 15 February 2008) (unpub. op.). In doing so, this court found that the petitioner was not prejudiced by not being advised of the nolo contendere pleas of a witness, Senior Airman (SrA) MHT, as there was no probability that the outcome of the petitioner's court-martial would have been different even if the petitioner's trial defense counsel had been aware of the evidence. *Id.* at 4. In making this finding, this court specifically found that: (1) the petitioner's guilt was overwhelming; (2) even assuming that SrA MHT's credibility was relevant, the petitioner's trial strategy focused more on minimizing his culpability rather than attacking SrA MHT's credibility; (3) SrA MHT's credibility was already undermined by his admission to repeated larcenies by fraud; and (4) it was highly unlikely that the trier-of-fact, the military judge sitting alone, would have found SrA MHT's nolo contendere pleas significant in evaluating the evidence. *Id.* The petition for grant of review of the writ-appeal was denied on 24 April 2008. *Cossio v. United States*, 66 M.J. 381 (C.A.A.F. 2008).

### B. 2008 Writ of Prohibition

On 26 August 2008, the petitioner filed another writ of prohibition to stay the execution of his bad-conduct discharge and order the appointment of counsel. We denied the writ on 15 September 2008. *United States v. Cossio*, Misc. Dkt. 2008-02 (A.F. Ct. Crim. App. 15 September 2008) (unpub. op.).

### C. 2010 Writ of Error Coram Vobis

On 21 June 2010, the petitioner filed a petition for extraordinary relief in the nature of a writ of error coram vobis. The petitioner, alleging that SrA MHT "may have committed perjury, further acts of larceny, and conspired with another witness to hide such conduct from the court," asked this court to order a *Dubay*[4] hearing to: (1) "[r]elease the criminal report on SrA MHT's perjury and larceny," (2) "make a finding of fact considering [the] petitioner's allegations that the government suppressed evidence to include SrA MHT's Nolo Contendere pleas," and (3) determine "whether the government asserted unlawful command influence to quash any investigation into witnesses who may have committed crimes relevant to petitioner's court-martial despite a

---

key witness who testified against the petitioner, had pled nolo contendere to four separate misdemeanor worthless check charges. The petitioner asserted that he was deprived of this impeachment evidence and prejudiced.

[4] *United States v. Dubay*, 37 C.M.R. 411 (C.M.A. 1967).

reasonable probability that crimes had been committed which would have affected the outcome of [the] petitioner's court-martial." *United States v. Cossio*, Misc. Dkt 2010-10 (A.F. Ct. Crim. App. 1 July 2010) (unpub. op.). On 1 July 2010, we denied the petition finding the petitioner had failed to meet several of the threshold requirements. *Id.* We also concluded that even if petitioner had met all of the threshold requirements, he still was not entitled to any relief. *Id.*

### D. 2014 Writ of Error Coram Vobis and Appointment of Counsel

The petitioner has now filed a writ of error coram vobis in which he seeks to have his 2004 larceny overturned as he alleges it named the wrong victim and that military pay is not military property, that his sentence should be set aside due to an error in his last enlisted performance report, and that his sentence (and findings) should be set aside because of the discovery of SrA MHT's convictions for issuing worthless checks. The petitioner also alleges that his appellate defense counsel were ineffective for not raising the issue of legal and factual sufficiency of the larceny conviction despite his request in accordance with *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Lastly, the petitioner requests the appointment of counsel.

### Discussion

The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs. *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005) (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999)). "The writ of coram nobis[5] is an ancient common-law remedy designed 'to correct errors of fact.'" *United States v. Denedo*, 556 U.S. 904, 910 (2009) (quoting *United States v. Morgan*, 346 U.S. 502, 507 (1954)). Appellate military courts have jurisdiction over "*coram nobis* petitions to consider allegations that an earlier judgment of conviction was flawed in a fundamental respect." *Id.* at 917. The writ of coram nobis is an extraordinary writ and an extraordinary remedy. *Id.* It should not be granted in the ordinary case; rather, it should be granted only under circumstances compelling such action to achieve justice. *Id.*; *Morgan*, 346 U.S. at 511; *Correa-Negron v. United States*, 473 F.2d 684, 685 (5th Cir. 1973).

Although a petitioner may file a writ of coram nobis at any time, to be entitled to the writ he must meet the following threshold requirements:

> (1) the alleged error is of the most fundamental character; (2) no remedy other than coram nobis is available to rectify the consequences of the error; (3) valid reasons exist for not

---

[5] This petition is styled as a "Petition for Extraordinary Relief in the Nature of Error Coram Vobis." "The appellate courts have referred to *Writs of Coram Vobis* and *Writs of Coram Nobis* almost interchangeably. For purposes of this petition[], it is a distinction without a difference[,]" and we will use the terms interchangeably. *United States v. Cossio*, ACM 36206, unpub. op. at 1 n.2 (A.F. Ct. Crim. App. 24 August 2006).

seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Denedo v. United States*, 66 M.J. 114, 126 (C.A.A.F. 2008).

This court uses a two-tier approach to evaluate claims raised via a writ of coram nobis. First, the petitioner must meet the aforementioned threshold requirements for a writ of coram nobis. *Id.* If the petitioner meets the threshold requirements his claims are then evaluated under the standards applicable to his issues. *Id.* Evaluating the petitioner's case under the coram nobis threshold requirements, we find that the petitioner has failed to satisfy several threshold requirements, and the failure to meet any one alone warrants a denial of the petitioner's writ.

We examine each issue briefly as to why it fails to meet the petitioner's burden. In 2004, the petitioner was convicted, inter alia, of "steal[ing] U.S. Currency, military property of a value of more than $500.00, the property of the United States" in violation of Article 121, UCMJ; and "knowingly us[ing] a means of identification of another person to wit: the social security number of Senior Airman [MHT], with the intent to commit larceny in violation of Title 10 USC section 921, a federal criminal statute, in violation of Title 18 USC section 1028" in violation of Article 134, UCMJ. The petitioner wrongfully used his access to a computer system to obtain SrA MHT's Social Security number. He then used that information to access the military pay system and without authorization directed a portion of SrA MHT's pay and allowances be forwarded to a charity organization. We find no reason why the petitioner could not have raised the issue of whether pay and allowances are military property and the identity of the owner of the property at his court-martial, in his initial appeal, and in his earlier coram vobis petitions. *See, e.g.*, *United States v. Bejacmar*, 217 Fed. Appx. 919, 922–23 (11th Cir. 2007) (noting that the petitioner did not satisfy the coram nobis threshold requirements because he did not establish "sound reasons" for failing to raise his ineffective assistance of counsel claim in his prior request for habeas relief).

Contrary to the petitioner's argument, the issue of whether pay and allowances are "military property" is not a new issue in appellate case law. *See, e.g., United States v. Dailey*, 37 M.J. 463, 464 (C.M.A. 1993) (holding that larceny of quarters allowance is larceny of military property of the United States); *United States v. Hemingway*, 36 M.J. 349, 352 (C.M.A. 1993) (concluding that theft of United States treasury checks from the finance office constituted theft of military property because "appropriated funds belonging to the United States Army—even if only being 'held' by the Army for immediate disbursement to any individual soldier for duty travel—are within the meaning

of 'military property of the United States'"). To the extent the petitioner seeks to rely on our decisions in *United States v. Hall*, 73 M.J. 645 (A.F. Ct. Crim. App. 2014), and *United States v. Thomas,* 31 M.J. 794 (A.F.C.M.R. 1990), we expressly overturned both of those decisions in *United States v. Hall*, 74 M.J. 525 (AF. Ct. Crim. App. 2014), *rev. denied*, 74 M.J. 525 (C.A.A.F. 2015) (holding that basic allowance for housing funds are military property and when improperly transferred do not convert into an individual's property).

The petitioner next alleges error in his enlisted performance report that ended in 2004 and was admitted at trial. This was a referral enlisted performance report that was served on the petitioner. He was provided the opportunity to respond and chose not to submit any comments. At his court-martial, no objection was made when the enlisted performance reports were offered into evidence. This alleged issue was not raised on direct appeal to this court under Article 66, UCMJ, 10 U.S.C. § 866, nor in any of his subsequent writ petitions. The petitioner has no valid reason why he has not raised this issue earlier.

This court previously addressed the merits of the petitioner's contentions regarding the belated discovery of other offenses committed by SrA MHT. *United States v. Cossio*, Misc. Dkt 2010-10 (A.F. Ct. Crim. App. 1 July 2010) (unpub. op.). This 2014 writ improperly seeks to re-litigate issues already resolved by this court.

We turn next to whether the petitioner meets the threshold requirements for a writ of error coram vobis regarding his allegation of ineffective assistance of counsel because his appellate defense counsel failed to raise the legal and factual sufficiency of the larceny specification pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Our superior court established a requirement that "when the accused specifies error in his request for appellate representation or in some other form, the appellate defense counsel, will at a minimum, invite the attention of the [service courts of criminal appeals] to those issues." *Id*. at 436. Here the petitioner has attached emails to his petition in support of his contention that he raised this issue with his appellate defense counsel. The emails are not certified, attachments to a sworn affidavit, or otherwise part of the record of trial from the court-martial; therefore, they are not properly before this court.

Even if we assume as true the content of the emails to establish that the petitioner notified his appellate defense counsel of his desire to challenge the legal and factual sufficiency of the larceny charge, we conclude the petitioner does not meet the threshold requirements. We see no valid reason why the petitioner has not raised this issue in any of his earlier writs to this court. The "new information" cited by the petitioner, namely that the legal and factual sufficiency of the larceny and threat was not raised pursuant to *Grostefon*, is readily apparent in this court's first opinion in 2006.

We also consider whether failure to raise a potential *Grostefon* challenge to legal and factual sufficiency is an error of the most fundamental character. Even though not expressly raised by appellate defense counsel, this court, in our original 2006 opinion, considered the legal and factual sufficiency of the evidence for each offense. Pursuant to Article 66, UCMJ, this court "may affirm only such findings of guilty and the sentence . . . as it finds correct in law and fact and determines, on the basis of the entire record should be approved." Whether or not it is expressly raised by the appellant, we consider the legal and factual sufficiency in every case before us pursuant to Article 66, UCMJ. We conclude that in addition to all the other failures of the petitioner, he has not met this threshold question either.[6]

Finally, we do not have the authority under Article 70(c), UCMJ, 10 U.S.C. 870(c), to appoint appellate defense counsel.

*Conclusion*

The petitioner has not carried his burden to demonstrate that his case presents extraordinary circumstances warranting issuance of the writ of error coram vobis. Accordingly, it is by the court on this 17th day of August 2015,

**ORDERED:**

That the petition for extraordinary relief in the nature of a writ of coram vobis is hereby **DENIED**.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court

---

[6] This issue intertwines with our analysis on ineffective assistance of counsel claims. We review claims of ineffective assistance of counsel de novo. *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007). To establish ineffective assistance of counsel "an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361–62 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The deficiency prong requires an appellant to show the performance of counsel fell below an objective standard of reasonableness, according to the prevailing standards of the profession. *Strickland*, 466 U.S. at 688. The prejudice prong requires a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. We conclude there is no prejudice to the appellant from failing to raise this particular issue because of the unique nature of this court in determining legal and factual sufficiency for every charge and specification for every case on review.